## OPPENHEIMER v. MANHATTAN RY. CO.

*(Supreme Court, General Term, First Department.   March 31, 1892.)*

1. MALICIOUS PROSECUTION—CONVICTION OF PLAINTIFF.
    A person arrested on a charge of disorderly conduct on the cars of an elevated railway company, and convicted thereof, cannot maintain an action for malicious prosecution against the company.

2. FALSE IMPRISONMENT—ACT OF PUBLIC AUTHORITIES.
    Nor can he maintain an action against the company for false imprisonment, the arrest having been made by a police officer, and the imprisonment directed by the public authorities.

3. EJECTION OF PASSENGER—MOVING TRAIN—ACTUAL DAMAGES.
    An action may be maintained against a railway company for forcibly ejecting a disorderly passenger while the train was in motion, though no special injury was occasioned thereby.

Appeal from circuit court, New York county.

Action by Joseph Oppenheimer against the Manhattan Railway Company. Plaintiff was arrested on a charge of disorderly conduct on board defendant's cars in refusing to pay his fare.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ.

*M. L. Townsend,* for appellant.   *Davies & Rapallo,* (*Julien T. Davies* and *J. C. Thomson,* of counsel,) for respondent.

PER CURIAM.   The complaint appears to join an action for an assault by one of the defendant's employes, an action for malicious prosecution, and an action for false imprisonment.   It appeared that the plaintiff was arrested by a police officer, on a charge of one of the employes of the defendant, and was subsequently taken before a magistrate, and convicted of the charge.   There can therefore be no cause of action for malicious prosecution, or for false imprisonment, as the prosecution could not be malicious, the plaintiff having been found guilty of the charge; and there was no false imprisonment, because the plaintiff was not imprisoned by the defendant, but was arrested by a police officer, and imprisoned by the public authorities, and the charge for which he was imprisoned was proved.   It appears, however, that the plaintiff alleged that after he boarded the train, and after the train had started, he was forcibly removed by one of the defendant's employes, acting under its authority, from the train.   We think this removal was, under the circumstances, illegal.   While the defendant's right to make such reasonable rules for the government of its passengers is unquestioned, and while the employes of the defendant would have been justified in using force to restrain the plaintiff from getting upon the car, or would have been justified in stopping the train and removing the plaintiff from the car, after he had forced his way on, upon the ground that he had not paid his fare for a trip down town; but, he being on the train, and the train having started, the defendant's employes had no authority to forcibly to remove him from the train while it was in motion.   It has been held to be contributory negligence for a passenger to attempt to alight from a train while in motion; and it is clear that for any injury resulting in consequence of the forcible eviction of a passenger from a train in motion the defendant would be liable.   The fact that no special injury was occasioned by the unlawful act of the employe in ejecting from the train would not justify a dismissal of the complaint.   The plaintiff was entitled to recover such damages as the jury should allow for the unjustifiable assault, subject to the power of the court to set aside the verdict in case it should be excessive.   We think, therefore, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.