**BLOOD v. HUNTER, Warden.**

No. 3124.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1945.

James R. Blood, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying discharge in a habeas corpus proceedings.

In October, 1934, two indictments were returned in the United States District Court for the Northern District of Oklahoma, against petitioner and a codefendant. The first indictment contained four counts, charging petitioner with forging and counterfeiting the signature of the postmaster at Catoosa, Oklahoma, on two postal money orders, and with having passed, uttered and published the respective money orders, all in violation of 18 U.S.C.A. § 347. The second indictment charged petitioner with burglary of the post office at Catoosa, in violation of 18 U.S.C.A. § 315. Petitioner entered pleas of guilty to all counts in both indictments and was sentenced to five years on each count in the first indictment, to run consecutively, and to a term of five years on the only count in the second indictment, to begin at the expiration of the sentence imposed under the first, making a total sentence of twenty-five years.

Previously, in October, 1939, petitioner sought his release by habeas corpus proceedings in the same trial court, alleging that he was deprived of his constitutional right to the assistance of counsel. The trial court found that petitioner intelligently and competently waived his right to counsel and this court affirmed. Blood v. Hudspeth, 10 Cir., 113 F.2d 470.

Apparently encouraged by the pronouncements of the Supreme Court in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, the petitioner commenced this proceedings on August 14, 1944, and in order to bring himself within the rationale of that case alleged that after his arrest on July 13, 1934, he was held in jail until the following October 11, without being taken before any judicial officer for arraignment, and that while being so detained a confession was taken and used

against him in the trial of his case. He does not allege that the confession was obtained by threats or coercion, but rests his case solely upon the contention that the failure of the arresting officers to immediately take him before a committing officer for arraignment, as provided by 18 U.S.C. A. § 595,[1] and the use of the confession obtained before arraignment, constituted grounds for release under the doctrine of the McNabb case.

On these issues the trial court conducted an appropriate inquiry, at which the petitioner testified in substance that after being arrested in Oklahoma City on July 13, 1934, by the City Police he was taken to the city jail and turned over to the Postal Inspector, and at that time gave a written confession of his guilt. That on the following day he entered a plea of guilty to an indictment theretofore returned against him in the United States District Court for the Western District of Oklahoma, charging violation of the Federal mail fraud statute (18 U. S.C.A. § 338) and was thereupon sentenced to a term of five years. That after the sentence was imposed the trial court advised him that if he would go to Tulsa to answer the charges against him in the Northern Judicial District he would modify the five year sentence, and on September 15, he was transferred to the Northern District. He further testified that after arriving in Tulsa he was not arraigned, but was confined in jail until October 11, when he entered pleas of guilty to the indictments on which he was sentenced to a total of twenty-five years.

On competent evidence the trial court found that petitioner had freely and intelligently entered a plea of guilty to all counts in both indictments; that the confession was not used in the proceedings against him and he therefore was not entitled to invoke the doctrine of the McNabb case to effect his release on habeas corpus.

■ The proper application of the McNabb doctrine was demonstrated in United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 897, 88 L.Ed. 1140, in which it was emphasized that the vice at which the McNabb case was directed was "inexcusable detention for the purpose of illegally extracting evidence from an accused, and the successful extraction of such inculpatory statements by continuous questioning for many hours under psychological pressure," and that a conviction thus obtained could not stand. But the mere fact that the accused was illegally detained in violation of 18 U.S.C.A. § 595, does not of itself void a conviction based upon competent evidence. It was pointed out in the McNabb case [318 U.S. 332, 63 S.Ct. 615], that "the mere fact that a confession was made while in the custody of the police does not render it inadmissible," and while it is the duty of arresting officers to obey the mandate of the law which requires them to bring the accused before a committing authority with reasonable promptness and failure to observe the spirit of such admonition may constitute "inexcusable detention for the purpose of illegally extracting evidence," yet the mere failure to observe the statutory mandate does not standing alone deprive the sentencing court of jurisdictional authority to accept a voluntary plea of guilty and to impose a lawful sentence on such plea.

■ We are not concerned with a conviction based upon evidence obtained through a confession. The petitioner freely and voluntarily entered a plea of guilty to both indictments and the confession which he gave played no part in the sentence which he now seeks to have us set aside on jurisdictional grounds. There is nothing in this record which indicates that the failure of the officers to bring the petitioner before a committing magistrate until he appeared in court to enter his pleas resulted in a denial of his constitutional right to a fair and impartial trial.

The judgment is therefore affirmed.

---

[1] 18 U.S.C.A. § 595, provides in part as follows: "It shall be the duty of the marshal, his deputy, or other officer, who may arrest a person charged with any crime or offense, to take the defendant before the nearest * * * judicial officer having jurisdiction under existing laws for a hearing, commitment, or taking bail for trial * * *".