The **UNITED STATES**

v.

**Richard Hugh McGEE.**

**Crim. No. 2091.**

United States District Court
N. D. Indiana, South Bend Division.
Sept. 24, 1956.

Phil M. McNagny, Jr., U. S. Atty., John E. Logue, Asst. U. S. Atty., Fort Wayne, Ind., Graham W. McGowan, Asst. U. S. Atty., South Bend, Ind., for plaintiff.

James E. Keating, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is a criminal proceeding wherein the defendant has filed a motion to vacate sentence under 28 U.S.C.A. § 2255. The Government filed answer alleging that the defendant's motion fails to allege any facts upon which relief could be granted and that the files and records of the case conclusively show that the defendant is entitled to no relief. Upon the issue thus presented the proceedings to vacate were submitted to the court.

The motion alleges that the court was without jurisdiction to impose sentence and the defendant's constitutional rights were infringed upon and he was sentenced without due process of law because he was not represented by counsel and was not advised of the elements of the offense charged; that he was not an employee of North American Van Lines, Inc.; that he could not have embezzled the money of North American Van Lines, Inc. because he owned a portion of the proceeds from the loads he carried therefor, and the information did not state an offense for the reason that it did not allege that he was riding in or upon a vehicle of North American Van Lines, Inc. moving in interstate commerce; that he was confused and misled and his plea of guilty was not understandingly entered.

The information charged that the defendant, an employee of North American Van Lines, Inc., while operating a trailer of North American Van Lines, Inc. transporting property in interstate commerce, embezzled, stole, and wilfully misapplied and converted to his own use the sum of $566.87 belonging to North American Van Lines, Inc. arising out of and accruing from such interstate transportation as a common carrier.

The undisputed facts are that the defendant was before the United States Commissioner on March 21, 1956 charged with the violation of 18 U.S.C.A. § 660 and was released by the Commissioner on his own recognizance. He remained at liberty on his own recognizance until March 26, 1956 when he was to appear in this court for further proceedings. On March 26, 1956 he appeared and this court in plain, clear and simple language, understandable by any layman, fully advised him as to all of his constitutional rights without a single exception. He was informed by this court that if, during the proceedings, he had any questions he would like to ask the court he should feel free to ask them at any time and if he had any questions with reference to the wording or substance of the charge contained in the information the court would be happy to give him the answers if he would just ask the court. After he was fully advised as to all of his constitutional rights, he voluntarily informed the court that he did not wish to be represented by counsel, which he knew and had informed the court he understood to mean a lawyer or an attorney, and that he voluntarily wished to and did waive his rights under the Constitution of the United States. After being fully advised of his constitutional right to indictment by grand jury, the defendant informed the court that he had a copy of the information, had read and understood it, and that he voluntarily waived the right to prosecution by indictment and in open court signed and executed a written waiver and consent to proceeding by information instead of by indictment. He was then 33 years of age with an educa-

tion equivalent to a high school graduate; could read, write, speak and understand the English language very well. He was in complete command of all of his physical and mental faculties; understood everything that was being said and done, and, before the court would accept any plea, the court made absolutely certain that such plea would be made by the defendant freely and understandingly, not only from the voluntary statements so made by the defendant but from his composed and intelligent manner and demeanor as observed by and known therefrom by the court, and without any threats or promises made by anyone whatsoever. After the court was fully and completely satisfied that the defendant was fully advised and aware of all of his constitutional rights and had voluntarily and understandingly waived them and was fully and completely satisfied that the defendant fully understood the nature and cause of the charge against him and that he had absolutely no question with reference thereto or with reference to any of the proceedings and that no threats or promises had been made to the defendant by anyone and that he knew the penalty for the offense charged against him and any plea that he would make would be entered by him freely and understandingly, with full knowledge of all of his rights and all of the facts, the information was read to the defendant in open court and the defendant voluntarily, freely and understandingly, entered a plea of guilty, and the court referred the cause to the Probation Officer for pre-sentence investigation and report and the defendant was released on his own recognizance to again appear for disposition on his plea of guilty when notified.

On April 23, 1956 the defendant was before this court for disposition on his plea of guilty. Because he had no prior criminal record and because he was still employed by North American Van Lines, Inc., and so informed the court, and was making restitution to it for the money he had wrongfully taken from it and that North American Van Lines, Inc., intend-

ed to keep him on employed, this court withheld the imposition of sentence and extended probation to the defendant. In fact, the prime and controlling factor which influenced the court to give the defendant an opportunity on probation was his statement to this court that his employer, North American Van Lines, Inc. from which he had stolen its money, had enough confidence in him to keep him on employed and give him another chance.

■ It is the law that a plea of guilty voluntarily, freely and understandingly entered by a competent defendant after being fully advised as to all of his constitutional rights precludes further inquiry into the question of guilt and by such a plea the defendant waives all defenses except that the information or indictment does not state an offense.

■ The defendant voluntarily, knowingly, freely and understandingly entered a plea of guilty and when he did so he waived any defense as to whether or not he was an employee of North American Van Lines, Inc., and waived any defense as to whether or not North American Van Lines, Inc. was the owner of the $566.87 which he embezzled, stole, wilfully misapplied or converted to his own use. To paraphrase the opinion of the Fourth Circuit in the case of Russell v. United States, 4 Cir., 212 F.2d 87—as to the grounds of the defendant's motion to vacate and set aside the sentence that he was not an employee of North American Van Lines, Inc. and was a part owner of the proceeds of the loads he carried, the defendant voluntarily pleaded guilty to the information charging that he was such an employee and that the $566.87 belonged to North American Van Lines, Inc., and he may not now controvert his guilt as established by that plea.

It must be realized that this proceeding is on a motion to vacate a sentence under 28 U.S.C.A. § 2255 and the question of the sufficiency of the information is not being raised by a motion prior to plea or a motion in arrest of judgment.

■ It is the law that the sufficiency of an information may not be questioned in this proceeding unless it is so obviously defective as not to charge an offense under any reasonable construction.

Walker v. United States, 7 Cir., 1955, 218 F.2d 80.

■ The defendant contends that the information charged him with operating the trailer instead of with riding in or upon the trailer and is, therefore, so obviously defective as not to charge an offense under any reasonable construction. There is no merit in that contention. Operating a vehicle is an inclusive phrase and includes riding in or upon the vehicle. The contention raises a question as to form but not as to substance.

■ As to whether the information in this regard would be sufficient to withstand a motion to dismiss or a motion in arrest of judgment, this court does not now decide, but this court does unconditionally hold that the information is not so obviously defective that it fails to charge an offense under any reasonable construction.

The question now before this court is basic and of tremendous importance because if this defendant may now be permitted to raise and have tried the defenses he now attempts to assert after he has voluntarily, with complete knowledge and understanding of all of his constitutional rights, waived every one of his constitutional rights and has voluntarily, freely and understandingly entered a plea of guilty to an information charging him with every substantive element of the offense defined by 18 U.S.C.A. § 660, then arraignments and pleas of guilty may as well be abolished and a plea of not guilty automatically entered in every criminal case and the defendant placed on trial even though he informs the court, with full knowledge and understanding of all of his rights, constitutional and otherwise, that he voluntarily, freely and understandingly pleads guilty to the crime charged.

Therefore, the court having considered the motion of the defendant to vacate sentence, the evidence, the files and records of the case, the arguments of coun-

sel, and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

On March 21, 1956, the defendant was before the United States Commissioner charged with the violation of 18 U.S.C.A. § 660, and was released on his own recognizance.

**2.**

On March 26, 1956, the defendant was before this court and was fully and completely advised as to all of his constitutional rights and was informed by the court that if, during the proceedings, he had any questions he would like to ask the court, he should feel free to ask them at any time.

**3.**

The defendant was informed by the court that he had the right to be prosecuted by grand jury indictment and had the right to be informed of the nature and cause of the accusation against him, and the defendant informed the court that he had a copy of the information which the Government proposed to file, had read it and understood it, and the court informed the defendant that if he had any questions with reference to the wording or substance of the charge contained in the information to ask the court and the court would be happy to answer them for him.

**4.**

The defendant informed the court that he had no objection to prosecution by way of information instead of indictment and in open court voluntarily signed a written waiver and consent which was filed and the information charging every substantive element of the offense defined in 18 U.S.C.A. § 660 was filed.

**5.**

The defendant, after being fully and completely advised of all his constitutional rights, informed the court that he was not represented by counsel, which he knew and understood to mean a lawyer or attorney, and that he did not wish to be represented by counsel and wished to waive his rights under the Constitution of the United States.

**6.**

The defendant was 33 years of age with a high school education, having completed high school through the G. I. Bill in the Army and receiving a diploma after he got out of the army, and informed the court that he was in complete command of all his mental and physical faculties and understood everything that was being said and done.

**7.**

The defendant appeared to the court to be a man of more than average intelligence, spoke and understood and could read and write the English language fluently and informed the court that no threats or promises had been made to him by any one.

**8.**

The defendant, after having voluntarily and knowingly waived his constitutional rights and having been advised by the court of the penalty for the offense with which he stood charged, was arraigned in open court by having the information read to him and he freely and understandingly entered a plea of guilty.

**9.**

The case was referred to the Probation Officer for pre-sentence investigation and report and the defendant was continued at liberty on his own recognizance.

**10.**

On April 23, 1956 the defendant was before this court for disposition on his plea of guilty and he informed the court that he was still working for North American Van Lines, Inc., that he was making restitution of the money he had wrongfully taken from them and they intended to keep him on employed and the court withheld the imposition of sentence, released the defendant on probation and informed him if he violated his probation it would be revoked, judgment would be pronounced and he would be fined in the sum of $5,000 and imprisoned for ten years.

**11.**

On July 24, 1956 a petition for revocation of probation was filed, bench warrant was issued and on August 31, 1956 the defendant was before this court on the question as to whether or not his probation should be revoked, at which hearing the evidence disclosed that after the defendant was placed on probation he continued his employment with North American Van Lines, Inc.; that he wrongfully took money from his employer and was discharged from their employ and as of June 29, 1956 was no longer in the employ of North American Van Lines, Inc. He admitted to the court that he was at fault and that he had again done wrong, and the court revoked his probation, pronounced judgment, just as the court on April 23, 1956 had informed the defendant it would do, with a fine of $5,000 and a sentence of ten years to be served.

**12.**

At the time of arraignment, disposition, revocation of probation and pronouncement of sentence this court had jurisdiction of the defendant and of the subject matter of this action, and at no time was the defendant confused or misled but was composed and fully advised and informed and did what he did knowingly, voluntarily, freely and understandingly without any infringement of any of his constitutional rights and in complete accord with due process of law.

Upon the foregoing findings of fact, the court does now state its

**Conclusions of Law**

**1.**

At the time of arraignment, disposition, revocation of probation and pronouncement of sentence this court had jurisdiction of the defendant and the subject matter of the action.

**2.**

The information, to which the defendant voluntarily, freely and understandingly entered a plea of guilty, charged the defendant with every substantive element of the criminal offense defined by 18 U.S.C.A. § 660 and is not so obviously defective as not to charge an offense under any reasonable construction.

**3.**

By reasonable construction the information, to which the defendant voluntarily, freely and understandingly pleaded guilty, states an offense under 18 U.S.C.A. § 660.

**4.**

None of the constitutional rights of the defendant were infringed upon and he was accorded due process of law.

**5.**

The defendant, by his voluntary plea of guilty freely and understandingly entered after being fully informed and advised as to all of his constitutional rights and having voluntarily waived them, waived all defenses except that the information did not state an offense.

**6.**

The defendant, by his voluntary plea of guilty freely and understandingly entered, admitted that on or about November 14, 1955, in this Division of this District, he was an employee of North American Van Lines, Inc., a corporation engaged in interstate commerce as a common carrier, and while operating a vehicle of North American Van Lines, Inc., which includes riding in or upon said vehicle, moving in interstate commerce he did embezzle, steal or wilfully misapply or convert to his own use $566.87 belonging to North American Van Lines, Inc., and he can not in a proceeding to vacate and set aside sentence imposed therefor controvert his guilt.

**7.**

The motion to vacate and the files and records herein conclusively show that the defendant-petitioner is entitled to no relief.

**8.**

The Government is entitled to an order that the prayer of the defendant's petition to vacate sentence be denied.

The clerk will enter order accordingly.