**UNITED STATES of America**
v.
**Francis X. MORIN, Jr.**
**Crim. Nos. 15074, 15075.**

United States District Court.
W. D. Pennsylvania.
Aug. 6, 1958.

George R. Sewak, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

William A. Gershuny, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This is defendant's second motion presented under § 2255, 28 U.S.C.A.[1]

On November 28, 1956, he was arraigned before Judge McVicar of this court and pleaded guilty to two indictments, each charging him in three counts with entering the Economy Federal Savings and Loan Association to commit a felony, robbing it, and assaulting employees therein by use of dangerous weapons. Title 18 U.S.C.A. § 2113 (a, d). His appointed counsel, Robert S. Grigsby, Esq. and Mead J. Mulvihill, Jr.,

Esq., were present with him and previously thereto had consulted with him and advised him as to his constitutional rights.[2] At the arraignment, defendant was asked if any threats, promises or inducements had been made by anyone in behalf of the government to get him to plead guilty, and he replied "no".[3] The defendant executed written pleas of guilty on the back of the indictments.

Subsequently, at the trials of George Riston, a co-defendant, defendant testified for the government, admitted that he participated in both robberies, and implicated Riston and other co-defendants who also pleaded guilty.

On January 31, 1957, this court sentenced him on each indictment to pay $1,000 fine and committed him to imprisonment for concurrent terms of 18 years. Mr. Grigsby, one of his appointed counsel, was present at the time these sentences were imposed, and both he and defendant were given an opportunity to present facts in mitigation before the sentences were pronounced.

Upon the filing of the motion under consideration, this court appointed William Gershuny, Esq. to represent defendant, and ordered that he be brought from the United States Penitentiary at Leavenworth, Kansas, to Pittsburgh for hearing. An order for subpoenas was issued at defendant's request.

Mr. Grigsby was permitted to withdraw as counsel because of derogatory accusations appearing in this second motion. These accusations were entirely unwarranted and were not supported by any credible evidence at the hearing. Mr. Grigsby rendered conscientious service to defendant prior to arraignment, at arraignment, at the sentence hearing, and at the hearing on the rule to show cause issued on defendant's first motion under § 2255.

1. The first motion was entitled "Motion For Reduction Of Sentence" and was dismissed after a hearing on a Rule to Show Cause. See unpublished opinion dated July 2, 1957.

2. See transcript dated July 2, 1957 of hearing on Rule to Show Cause, pp. 12–14, 16.

3. See transcript of proceedings on arraignment of defendants dated November 28, 1956, before the Hon. Nelson McVicar.

In substance, defendant alleges that he was held in illegal detention by the police of the City of Pittsburgh as a suspect for the robbery of the General Public Loan Corporation, and while so held, he was induced by threat and promises of leniency made by two F.B.I. agents and two city detectives to cooperate in clearing up the two robberies of the Economy Federal Savings and Loan Association, plead guilty thereto, and testify for the government against his co-defendants. He testified that he was threatened with conviction of multiple charges of conspiracy and robbery and maximum consecutive imprisonment sentences thereon, but that if he confessed and cooperated, he was promised concurrent 10-year federal sentences on the two robberies of the Savings and Loan Association and a concurrent state sentence on the robbery of the General Public Loan Corporation. He says the federal agents several times assured him that the United States Attorney and the federal judge would follow their recommendations of concurrent 10-year sentences, and told him that they would personally make the recommendation to the United States Attorney and the federal judge. He says that the city officers promised him that if he cooperated, he would be turned over first to the federal officers for sentencing on the federal charges, and that they would see to it that later he would receive a sentence from the state court which would run concurrently with the federal sentences of 10 years. He says that during his illegal detention he was ill from excessive drinking and only admitted the crimes after the promises were made and after certain psychological pressures were brought to bear upon him.

Defendant alleges that his conviction was obtained in violation of his constitutional rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States.

From the record and testimony, the court makes the following

## Findings of Fact

1. The defendant was not induced to confess to the two robberies of the Economy Federal Savings and Loan Association, plead guilty thereto, or to testify for the government, by any threat or promises made by any federal law enforcement officer.

2. Federal agent Ackerly did not threaten him with maximum consecutive sentences if he was convicted of multiple charges of conspiracy and robbery.

3. Federal agents Ackerly and Portella did not promise him concurrent 10-year sentences if he would cooperate, confess, testify for the government, and/or plead guilty to twice robbing the Economy Federal Savings and Loan Association.

4. Defendant's pleas of guilty to criminal indictments at No. 15074 and No. 15075 were not based on his confession obtained while under alleged illegal detention nor were they induced by any promise or threat but were voluntarily entered after consultation with competent appointed counsel and with full knowledge of his rights under the law, and because he was in truth guilty of the crimes charged.

5. Federal law enforcement officers told defendant that if he cooperated with them in clearing up the robberies that they would so inform the United States Attorney and the court.

6. This court was fully aware of defendant's cooperation with the federal law enforcement officers by reason of his testimony at the trials of George Riston, a co-defendant, and was in fact so informed of his cooperation by officers Ackerly and Portella and the Assistant United States Attorney who presented the defendant for sentence.

## Discussion

Only defendant testified to the alleged threat and promises of 10-year concurrent sentences for the federal offenses. In this court's opinion his testimony is not credible. After he was sentenced to concurrent 18-year terms of imprison-

ment, he made no expostulation, comment, or protest which would have been most natural if in fact he had been guaranteed 10-year concurrent sentences as he testified. He did not mention the alleged threat or promises to his appointed attorneys or to the United States Attorney or to any other official in whose custody he was placed until long after he had been sentenced and was incarcerated in the penitentiary. He did not call the matter to the attention of this court in his first motion filed on June 11, 1957 under § 2255, and, indeed, this court had not been so informed by him until he filed the present motion one and a half years after the sentences were pronounced. Moreover, his past record of convictions of felonies and crimes of dishonesty, coupled with his manifest interest in procuring a reduction of sentence,[4] does not lend itself to fortifying his credibility.

A strong and able argument has been presented by defendant's counsel to the effect that any confession obtained by the federal agents while the defendant was held in illegal detention by city police violates Rule 5(a), Fed.R.Crim.P., 18 U.S.C.A., and vitiates a plea of guilty based thereon. He cites Mallory v. United States, 1957, 354 U.S. 449, 77 S. Ct. 1356, 1 L.Ed.2d 1479; McNabb v. United States, 1942, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; and kindred cases. Those cases involve appeals from convictions after trial where the confessions were admitted in evidence. They did not involve motions to vacate sentences under § 2255.

■ Assuming, without deciding, that the defendant's confession was obtained by the F. B. I. while he was detained in illegal custody by the city police, we point out that it was never used against him as were the confessions in Mallory and McNabb. The fact that defendant had signed a written confession was not even mentioned at his arraignment or at the time sentences were pronounced. His confession played no part in the sentences he now seeks to have vacated. His admissions of guilt made when he was arraigned with advice of counsel, and later when he was a government witness at Riston's trials, were freely and voluntarily made and were not based upon his confession. See Judge Murrah's discriminating opinion in a strikingly similar case, Blood v. Hunter, 10 Cir., 1945, 150 F.2d 640. Of course, if the pleas of guilty were the result of a real threat or false promises made by the enforcement officers during legal or illegal detention, the sentences should be set aside, but we do not find that to be the fact.

■ Moreover, it is well settled that a confession obtained as a result of illegal detention, even if admitted in evidence at trial, may not ordinarily be entertained or considered on a motion under § 2255. Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187 F.2d 192; Miller v. Hiatt, 3 Cir., 1944, 141 F.2d 690; United States v. Hodges, D.C.D.C. 1957, 156 F.Supp. 313; cf. United States v. Edwards, D.C.D.C.1957, 152 F.Supp. 179. A fortiori, it cannot constitute grounds for a collateral attack against sentences imposed following uncoerced pleas of guilt.

■ Illegal detention is a non-constitutional and non-jurisdictional defect which ordinarily is waived upon a voluntary plea of guilty. See Brown v. Allen, 344 U.S. 443, at page 476, 73 S.Ct. 397, at page 417, 97 L.Ed. 469; Palakiko v. Harper, 9 Cir., 1953, 209 F.2d 75, at

---

4. It appeared that some months after defendant was sentenced, the state court sentenced the defendant to imprisonment for robbing the General Public Loan Corporation for a term of not less than 10 nor more than 20 years, to run concurrently with the federal sentences. Defendant says he has 10 or 12 years to serve under a prior state sentence for violation of parole, and that if the federal sentence is not vacated or reduced, he will be in prison for the balance of his life. Of course, the determination of this contingency is a matter for the state and federal parole authorities to determine, not this court.

page 94; cf. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, at page 344.

The court wishes to express its appreciation to appointed counsel for his conscientious, thorough and expeditious representation of defendant in this proceeding.

### Conclusions of Law

1. The court had jurisdiction to sentence defendant pursuant to § 2113(a, d), 18 U.S.C.A., on criminal indictment No. 15074 and No. 15075, the crimes having been committed in this district, and to which the defendant voluntarily entered pleas of guilty after arraignment.

2. The maximum penalty provided by Congress for violation of § 2113(d) being $10,000 fine and 25 years' imprisonment, the two sentences imposed of $1,000 fine and 18 years' imprisonment, the prison sentences to run concurrently, were legally imposed.

3. The confession of defendant which allegedly resulted from an unlawful detention does not invalidate the sentences imposed upon his voluntary pleas of guilty made after consultation with competent appointed counsel and with full knowledge of his constitutional rights.

4. The allegations in defendant's motion that he entered his pleas of guilty as a result of a threat and promises made by the prosecuting officers is not established by credible testimony.

5. Defendant's pleas of guilty to criminal indictments No. 15074 and No. 15075 were entered by him voluntarily and free from coercion of any kind.

6. Defendant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States have not been violated.

7. An order should be entered denying the defendant's motion to vacate and set aside sentence.