Irwin D. Davidson, J.
The defendant moves to dismiss the indictment on the ground that a Deputy Assistant Attorney-General, who presented the facts before the Grand Jury upon which the within indictment was granted, was an unauthorized person in the presence of the Grand Jury while the matter of this indictment was under consideration.
The indictment against the defendant contains 32 counts, most of which charge grand larceny or forgery. This indictment resulted from an investigation conducted by the Attorney-General into the stock promotional activities óf this defendant and the Adriatic Securities Corporation of which he was president. As a result of the investigation the Attorney-General learned that the defendant had committed the crimes of grand larceny and forgery. The indictment for these crimes results from the presentation of such information to the Grand Jury.
Article 23-A of the General Business Law gives the Attorney-General broad powers to conduct investigations into all types of fraudulent practices related to the ‘ purchase, exchange or sale of securities.” Section 352 of the General Business Law provides in part as follows: ‘ ‘ Whenever it shall appear to the attorney-general, either upon complaint or otherwise * * * that any person, partnership, corporation, company, trust or association, or any agent or employee thereof, shall have made, makes or attempts to make in the state fictitious or pretended purchases or sales * * * or commodities, or that any person, partnership, corporation, company, trust or association, or agent or employee thereof shall have employed, or employs, or is about to employ, any deception, misrepresentation, concealment, suppression, fraud, false pretense or false promise, or shall have engaged in or engages in or is about to engage in any practice or transaction or course of business relating to the purchase, exchange or sale of securities or commodities which is fraudulent or in violation of law and which has operated or which would operate as a fraud upon the purchaser.” While it is true that the primary purpose of article 23-A is remedial in character and is designed to defeat unsubstantial and visionary schemes whereby the public may be fraudulently exploited (People v. Federated Radio Corp., 244 N. Y. 33), nevertheless the statute may not be construed to prohibit or prevent the Attorney-General from prosecuting persons with criminal offences which are uncovered as a result of an Attorney-General investigating into any fraudulent practices. *1082 If during the course of an investigation the Attorney-General discovers facts which establish that the crime of grand larceny or of forgery has been committed, he is empowered to present such facts to the Grand Jury to secure an indictment or, in the alternative in his discretion, he may transmit such evidence to the. local District Attorney for presentation by the District Attorney to the Grand Jury (General Business Law, §■ 358).
It is perfectly clear, therefore, the the Attorney-General may proceed by one of his assistants and present to the Grand Jury the facts constituting any crime or crimes which are uncovered as a result of the Attorney-General’s investigation under article 23-A of the General Business Law. If he does so, a defendant may not be heard to complain that the Attorney-General had not transmitted those facts to the local District Attorney for prosecution by him.
This very issue has been passed upon by the State Supreme Court in Kings County in Spiegel v. County Court of Kings County (129 N. Y. S. 2d 109, 112) wherein the court held that the Attorney-General properly presented evidence of the crime of grand larceny to a Grand Jury which resulted from an investigation conducted by him in relation to a proceeding under article 23-A of the General Business Law. The court there stated ‘ ‘ if the only evidence resulting and available to the Attorney General is grand larceny, he may present evidence of that crime to the Grand Jury if it is part of or the means by which fraudulent practices were accomplished, People v. Dorsey, 176 Misc. 932.”
The court further stated ‘ 1 Since the Attorney General had the power to investigate and to prosecute for the crime here charged, which power need not be set out in the indictment, there is no need for the indictment to specifically allege that the criminal transaction was one involving fraudulent securities.”
•The defendant’s motion to dismiss the indictment is in all respects denied.