**Robert L. BRADFORD, Plaintiff,**

**v.**

**Louis J. LEFKOWITZ, Defendant.**

United States District Court
S. D. New York.
April 29, 1965.

Robert L. Bradford, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, pro se, Joel Lewittes, Asst. Atty. Gen., of counsel.

LEVET, District Judge.

The defendant, Louis J. Lefkowitz, individually and as Attorney General of the State of New York (hereinafter "Lefkowitz") has moved for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure in this action for false imprisonment.

## PREVIOUS PROCEEDINGS

1. On December 3, 1964, Lefkowitz was served by the plaintiff, Robert L. Bradford (hereinafter "Bradford"), with a summons and complaint dated December 2, 1964.

2. In this complaint Bradford seeks damages under Title 42 U.S.C. § 1983 (Civil Rights Act), charging that he was unlawfully imprisoned by the defendant in the Manhattan House of Detention and in the City Correctional Institute on Rikers Island from *August 12, 1960 to December 6, 1962*, without any valid judgment of conviction or commitment. No diversity of citizenship is alleged.

3. On December 21, 1964, defendant Lefkowitz moved to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that it failed to state a claim upon which relief could be granted since the defendant as the Attorney General of the State of New York is immune from suit with respect to acts which he performed in the scope of his duties as a quasi-judicial officer of the State of New York.

4. After argument on January 5, 1965, by a memorandum-order dated January 20, 1965, Judge Bonsal of this court denied this motion but stated:

" * * * without prejudice to defendant's moving for summary judgment under Rule 56, supplying the Court, in support of its motion with an affidavit detailing plaintiff's plea of guilty, his sentence and confinement."

## THE COMPLAINT

The plaintiff invokes jurisdiction of this court under Sections 1331(a) and 1343(3) (4) of Title 28, United States Code, and Section 1983 of Title 42, U.S.C.

and under the due process of law clause of the Fourteenth Amendment.

The gist of the complaint is false imprisonment[1] at the Manhattan House of Detention for Men and at the New York City Correctional Institution on Rikers Island, Bronx, New York, from August 12, 1960 to December 6, 1962, without valid judgment of conviction, etc.

The plaintiff charges that defendant acted as an agent of the State of New York as Attorney General under color of the laws of the State of New York and under the authority of said laws and as an officer of the State of New York as Attorney General.

Plaintiff alleges a good reputation and seeks damages from the alleged unlawful acts in the sum of $5,000,000.

As expanded by plaintiff's affidavits, there are two periods of alleged false imprisonment:

(1) *Prior to arraignment* plaintiff was arrested on August 12, 1960 and remained at Manhattan Detention Headquarters for Men. He was not arraigned until August 18, 1960, allegedly in violation of Section 579 of the New York Code of Criminal Procedure and Section 1844 of the Penal Law of the State of New York, McKinney's Consol.Laws, c. 40.

(2) *After a plea of guilty* on three counts and sentences on each, plaintiff was imprisoned at the New York City Correctional Institution for Men (formerly the New York City Penitentiary) from June 1, 1961 to December 6, 1962.

The background of this case is as follows:

(1) On August 11, 1960, plaintiff, together with a codefendant, Bradford Audio Corporation, was indicted in the former Court of General Sessions. This indictment, among other things, accused plaintiff and the Bradford Audio Corporation of violations of the New York General Business Law, McKinney's Con-

---

1. In plaintiff's original memorandum in opposition to this motion he stated: "This is an action for false imprisonment for the unlawful detention of plaintiff continuously from August 12, 1960 to December 6, 1962."

sol.Laws, c. 20, Article 23–A, commonly known as the Martin Act.

(2) On April 11, 1961, plaintiff and the Bradford Audio Corporation pleaded guilty to counts *Sixth, Eighth* and *Ninth* of the indictment in the former Court of General Sessions where plaintiff appeared with counsel, one Irving J. Roth, Esq.

(3) On May 31, 1961, plaintiff was sentenced by the former Court of General Sessions (Postel, J.) to the New York City Penitentiary for a term of one year on each of said three counts, to be served consecutively.

(4) Pursuant to this judgment of conviction, which was never appealed by the plaintiff, plaintiff was confined to the New York City Correctional Institution for Men from June 1, 1961 to December 6, 1962.

(5) No appeal or other proceeding to vacate the sentence was ever taken.

## I.

## THE POST-CONVICTION SENTENCE SERVED JUNE 1, 1961 TO DECEMBER 6, 1962

Bradford's opposing affidavit submitted upon this motion does not dispute the above-mentioned indictment but alleges that this indictment was procured and signed by the defendant Lefkowitz.

Bradford also alleges that before the selection of the jury had been completed on April 11, 1961 and before any evidence had been taken he withdrew his plea of not guilty and pleaded guilty to counts Sixth, Eighth and Ninth of the indictment, *allegedly* upon the "express promise on the part of defendant herein that (1) Counts 1, 2, 3, 4, 5, 7, 10 and 11 thereof would be dismissed; that (2) imposition of sentence on said Counts 6, 8 and 9 would be suspended; and (3) upon the express threat that if he did not so plead, maximum penalties would be inflicted upon plaintiff herein on all counts, if convicted."

At a conference of counsel and court held on March 30, 1965, the plaintiff, pro se, withdrew Nos. 2 and 3 above. Consequently, the only claim now left is

*No. 1* above stated. (Actually, the other counts, 1, 2, 3, 4, 5, 7, 10 and 11, were dismissed.)

Bradford states, as conceded by defendant, that the court, after the plea of guilty, sentenced plaintiff to one year on each of said counts Sixth, Eighth and Ninth to run consecutively.

Plaintiff then alleges that the aforesaid promise was falsely made and that the pleas of guilty aforementioned were fraudulently procured by defendant by deceit, fraud, misrepresentation, etc. Just what the deceit, fraud or misrepresentation in fact was does not appear.

However, plaintiff concedes that he served time under counts Sixth, Eighth and Ninth of the indictment to which he had pleaded guilty, i. e., from June 1, 1961 to December 6, 1962.

Plaintiff alleges that subdivisions 3 and 8 of Section 359–e and Section 352–c of the General Business Law of the State of New York violate the *due process clause* of the Fourteenth Amendment to the United States Constitution and that the judgment and sentences therefore are nullities and further that subdivision 3 of the said law was retroactive and violated the *ex post facto* prohibition of the United States Constitution since the statute was not in effect until October 1, 1959 and the alleged crimes were committed on or about April 1959.

Bradford also adds in his *affidavit* (although it appears nowhere in his complaint) a claim that in a civil action in the Supreme Court of the State of New York, County of New York, the People of the State of New York sought an injunction against him restraining him from selling securities in the State of New York and that the defendant Lefkowitz was attorney for the plaintiff in said action and that the complaint in said action specifically charged him with violation of subdivision 3 of Section 359–e and that he pleaded guilty to no other subdivision or section of said Article 23–A or any other statute of the State of New York.

There is no evidence that defendant or his assistant tricked the plaintiff or that

any right of plaintiff was violated with respect to plea or sentence.

A supplemental affidavit of plaintiff, sworn to April 16, 1965, received by the court, recites the following:

1. Repeats facts in reference to the arrest;

2. Gives some hearsay statements as to what his attorney, Roth, told him the presiding judge had said;

3. That finally Roth "brought a proposal that if plaintiff would plead guilty to three counts, the defendant would dismiss the remaining 8 counts." (This was in fact done.) This, then, is the reduced extent of any claim by plaintiff as to what occurred at court.

4. Then plaintiff goes on to charge:

(a) That the statutes under which he was indicted were void and unconstitutional;

(b) That the court had no jurisdiction to accept a plea or pronounce judgment;

(c) That plaintiff had not violated the law;

(d) That defendant knew or should have known that the statutes were unconstitutional and void; that defendant "tricked plaintiff into pleading guilty to three void counts and statutes upon his promise to dismiss eight other counts." (Just how this was done is not stated.)

The plaintiff also submitted an affidavit, sworn to April 8, 1965, by Irving J. Roth, the attorney who represented him in the state criminal proceeding. Roth states as follows:

"My present best recollection is that during the picking of the jury and after several jurors had been selected there was a conference at the bench and a discussion took place between the Assistant Attorney General MILLUS, the Trial Court and myself as to the possibility of terminating the said prosecution by a plea of guilty. I do not recall who suggested the conference but I know that it was not initiated by me because at all times prior to the trial the said Assistant Attorney General had always insisted that he would not consent to a guilty plea involving anything less than several misdemeanor counts including a felony count to cover the entire indictment, which I knew the said ROBERT L. BRADFORD would never consider.

"At the outset of the said conference, the said Assistant Attorney General was still insistent on a guilty plea to several misdemeanor counts including a felony count to cover the entire indictment, which I rejected without consultation with the said ROBERT L. BRADFORD, who at the time was in the detention pen adjoining the Trial Part Courtroom. Then, a plea of guilty to several misdemeanor counts to cover the entire indictment was suggested, which I discussed with the said ROBERT L. BRADFORD, but he refused to go along with this suggestion. Finally, after Assistant Attorney General MADONIK who was chief of the Fraud Bureau, entered the discussion, a plea of guilty to three specific misdemeanor counts to cover the entire indictment was proposed, each of which was punishable by not more than one year's imprisonment. Upon discussing this last proposition with the said ROBERT L. BRADFORD and pointing out that he could receive three years' imprisonment on a plea of guilty, I left the decision entirely up to him. He decided to withdraw his not guilty plea and plead guilty to said three misdemeanor counts as charged to cover the entire indictment and this was accepted by the Trial Court who thereupon followed the usual procedure on a change of plea. What took place thereafter is a matter of Court record and the stenographic minutes will present a more accurate account of the proceedings than anything I can relate."

As already indicated, the record shows that (1) plaintiff pleaded guilty to three

counts; (2) was sentenced thereon; (3) served his sentence; and (4) never brought any proceeding to set aside the sentence or secure any relief whatsoever.

## DEFENDANT'S AFFIDAVITS

From the affidavit of Joel Lewittes, an Assistant Attorney General of the State of New York, the following facts appear:

1. The plaintiff was arrested upon a Bench Warrant issued upon an indictment filed in the former Court of General Sessions, New York County; plaintiff was arrested by a New York City Police Detective assigned to the New York County District Attorney's office; plaintiff's premises were searched with his own consent, he was permitted to call an attorney; it was too late for arraignment on Friday, August 12, 1960.

2. On Sunday, August 14, 1960, plaintiff became ill, complained of chest pains, and was sent to Rikers Island City Prison, checked and treated for heart conditions, and on August 18, 1960 was arraigned.

3. On April 11, 1961, plaintiff pleaded guilty to counts Sixth, Eighth and Ninth of the indictment. In the allocution before the court he denied any promises or threats.

Albert J. Millus, formerly an Assistant Attorney General, in an affidavit stated:

4. That he was the Assistant Attorney General in charge of the prosecution of plaintiff; that there was no conversation with plaintiff relating to the entering of his guilty plea; that he never promised plaintiff or his attorney, one Irving J. Roth, that the other counts would be dismissed if he pleaded to counts Sixth, Eighth and Ninth, or that imposition of sentence on counts Sixth, Eighth and Ninth would be suspended or that the court would be lenient or that if he did not plead guilty to counts Sixth, Eighth and Ninth maximum penalties would be inflicted on all counts if convicted.

5. The court record shows no indication of factual support of any of plaintiff's claims set forth in the complaint.

The state court also examined plaintiff at length in respect to the selling of securities in violation of the statutes before the plea of not guilty was withdrawn and the plea of guilty entered. Plaintiff's counsel, Irving J. Roth, was present and participated. The proceedings appear to be regular in every respect.

■ On this record it is clear that defendant is entitled to an order for summary judgment dismissing this action. There is no genuine issue of any material fact. There is no support in fact or law for plaintiff's claim with respect to the imprisonment from June 1, 1961 to December 6, 1962.

■ 1. The defendant as Attorney General validly prosecuted plaintiff. Sections 352, 358 of Article 23–A of the General Business Law of the State of New York; see People v. Bradick, 16 Misc.2d 1080, 182 N.Y.S.2d 568 (1959).

■ 2. The guilty plea entered by plaintiff is a complete bar to an action for false imprisonment. Jones v. Foster, 43 App.Div. 33, 35, 59 N.Y.S. 738 (1899). A plea of guilty is equivalent to a conviction and particularly when counsel was present bars recovery for false imprisonment. Canizio v. State of New York, 8 Misc.2d 943, 946, 169 N.Y.S.2d 185 (1957); Mrzena v. State of New York, 271 App.Div. 758, 64 N.Y.S.2d 591 (1946).

On this score see also Bradford v. Harding, 180 F.Supp. 855 (E.D.N.Y. 1959), where this same plaintiff sued the two Assistant United States Attorneys who prosecuted him and the Judge who sentenced him upon a mail fraud charge.

The court there stated:

"All of the defendants acted within the scope of their authority. They pursued the course established by law * * *. He [the plaintiff] was accorded all of the rights and privileges to which he was justly entitled." 180 F.Supp. at 856.

The plaintiff, acting pro se, has submitted to the court three law memoranda consisting of 44, 8 and 34 pages

respectively, a total of 86 pages. The gist of the claims by this plaintiff are as follows:

1. That the plea of guilty was fraudulently induced;

2. That subdivision 3 of Section 359–e, Section 352–c and subdivision 8 of Section 359–e of the General Business Law of the State of New York are unconstitutional.

■ A plea of guilty is a confession of guilt, binding on defendant and is a conclusive admission of guilt. Except that it *may* be withdrawn under certain circumstances, it is equivalent to conviction after a trial on the merits; it has the same effect in law as a verdict of guilty. 22 C.J.S. Criminal Law § 424(1), pp. 1189, 1190; People v. Krennan, 264 N.Y. 108, 190 N.E. 167 (1934). Moreover, a plea of guilty is a conviction and is as conclusive as the verdict of a jury. Hall v. United States, 259 F.2d 430 (8th Cir. 1958), cert. denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1959); Woodring v. United States, 248 F.2d 166 (8th Cir. 1957).

■■ An entry of a plea of guilty constitutes a waiver of all non-jurisdictional defenses. United States v. Bistram, 153 F.Supp. 816 (1957), aff'd, 253 F.2d 610 (8th Cir. 1958); United States v. Morin, 163 F.Supp. 941 (W.D.Pa. 1958), aff'd, 265 F.2d 241 (3rd Cir. 1959); United States v. McGee, 144 F.Supp. 466 (N.D.Ind.1956). Furthermore, illegal detention is a non-constitutional and non-jurisdictional defect which ordinarily is waived upon a voluntary plea of guilty. See Brown v. Allen, 344 U.S. 443, 476, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Palakiko v. Harper, 209 F.2d 75, 94 (9th Cir. 1953); United States v. Gallagher, 183 F.2d 342, 344 (3rd Cir. 1950); United States v. Morin, 163 F.Supp. 941, 944 (W.D.Pa.1958), aff'd, 265 F.2d 241 (3rd Cir. 1959).

■ The plea of guilty and the service of the sentence imposed effectively bar an action of false imprisonment or of malicious prosecution. Jones v. Foster, 43 App.Div. 33, 35, 59 N.Y.S. 738 (1899); Cuniff v. Beecher, 84 Hun 137, 32 N.Y.S. 1067 (1895); Erie R. Co. v. Reigherd, 166 F. 247, 20 L.R.A.,N.S., 295 (6th Cir. 1909); Canizio v. State of New York, 8 Misc.2d 943, 169 N.Y.S.2d 185 (1957).

Even if we assume for the sake of argument that the plea of guilty should have been vacated, and that the statutes upon which the indictment against the plaintiff was framed were unconstitutional, the question still remains, "What are the rights of the plaintiff after he had pleaded guilty to three counts of the indictment with respect to the period from June 1, 1961 to December 6, 1962, had served his sentence, and had not taken any appeal or prosecuted any proceeding in reference to the guilty plea of which he complains? No enlightenment appears in any portion of plaintiff's memoranda.

■ The allegations of the complaint with respect to false imprisonment in any event fail to confer jurisdiction upon a federal court under the Civil Rights Act. Dinneen v. Williams, 219 F.2d 428 (9th Cir. 1955). The same deficiencies set forth in Dinneen appear here. See also Viles v. Symes, 129 F.2d 828 (10th Cir. 1942), cert. denied, 317 U.S. 633, 63 S.Ct. 67, 87 L.Ed. 811, rehearing denied, 317 U.S. 711, 63 S.Ct. 323, 87 L.Ed. 567 (1942).

■ I have been unable to find any authority to hold defendant responsible for plaintiff's imprisonment after a guilty plea, which, as already indicated here, was *not* induced by fraud, trickery, deceit or misrepresentation of any kind. The fact that plaintiff now claims the indictment to have been based upon an unconstitutional law is immaterial. He pleaded guilty to the charge and did not raise that question. It is now too late. It is moot. His time to raise such a question has passed. No attempt is now being made to enforce any statute against him. I know of no authority permitting plaintiff now to question the constitutionality of the statute to which he pleaded guilty and served his time

without protest. The absurdity of such a claim is patent.

Taking the plaintiff's statement of facts (not hearsay nor innuendo), there is no basis for this portion of his claim. The complaint states no facts sufficient to constitute a claim on which federal relief may be granted. The plaintiff's affidavits support no claim for this period. The defendant is entitled to summary judgment as to this period.

## THE PRE-ARRAIGNMENT PERIOD, AUGUST 12, 1960 TO AUGUST 18, 1960.

■ The plaintiff claims defendant violated Section 579 of the New York Code of Criminal Procedure and Section 1844 of the New York Penal Law as to this period, which is the only period other than the foregoing which is concerned in this action.

Section 579 of the New York Code of Criminal Procedure is as follows:

"§ 579. In felony, to deliver him into custody

"If the crime charged in the indictment be a felony, the officer arresting the defendant must deliver him into custody, according to the command of the bench-warrant, as prescribed in section three hundred and one."

Section 1844 of the Penal Law of the State of New York is as follows:

"§ 1884. Delaying to take person arrested for crime before a magistrate

"A public officer or other person having arrested any person upon a criminal charge, who wilfully and wrongfully delays to take such person before a magistrate having jurisdiction to take his examination, is guilty of a misdemeanor."

It is not at all clear who arrested plaintiff on August 12, 1960. The defendant asserts that the bench warrant was executed by a New York City police detective assigned to the New York County District Attorney's office. Whether there was any violation of Section 1844 is also doubtful because of the timing, a Friday afternoon, and the subsequent heart illness of plaintiff on Sunday, August 14, 1960.

Title 42 U.S.C. § 1983 is as follows:

"§ 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ In the first place, failure to arraign a defendant who subsequently proceeds to trial is not an omission which tends to prejudice his rights. People v. Schwartz, Co.Ct., 53 N.Y.S.2d 741, 742 (1945); Blood v. Hunter, 150 F.2d 640 (10th Cir. 1945); Tarkington v. United States, 194 F.2d 63 (4th Cir. 1952).

■ Secondly, where no statement is made by defendant during the alleged period of illegal detention before arraignment, defendant's conviction by a plea of guilty is not rendered invalid by such detention. Starks v. United States, 264 F.2d 797 (4th Cir. 1959); Kent v. United States, 272 F.2d 795 (1st Cir. 1959).

"The statutory prerequisites to liability under 42 U.S.C. § 1983 are: (1) that the defendant act 'under color of' state or local law, and (2) that the plaintiff be subjected to a 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Stringer v. Dilger, 313 F.2d 536, 540 (10th Cir. 1963); Maryland v. Heyse, 315 F.2d 312 (10th Cir. 1963).

■ The Civil Rights Act protects only rights secured by the Constitution and statutes of the United States. 42 U.S.C. § 1983. Averments, for instance, that a county sheriff held a prisoner in

solitary confinement for a period of 36 days in violation of a state statute did not allege a cause of action under the Civil Rights Act. 42 U.S.C. § 1983. Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963).

The Civil Rights Act does not create a cause of action for false imprisonment unless such imprisonment is in pursuance of a systematic policy of discrimination against a class or group of citizens. See Stift v. Lynch, 267 F.2d 237 (7th Cir. 1959); Truitt v. State of Illinois, 278 F.2d 819 (7th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 109, 5 L.Ed.2d 88.

Neither the Fourteenth Amendment nor the Civil Rights Act purports to secure a person against unfounded or even malicious claims or suits in state courts, especially when the laws and courts of the state are available and furnish adequate remedies to a person aggrieved. Curry v. Ragan, 257 F.2d 449 (5th Cir. 1958), cert. denied, 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85, rehearing denied, 358 U.S. 914, 79 S.Ct. 238, 3 L.Ed.2d 235.

Violation of a state statute with respect to arraignment in a state action does not provide ground for a federal action. Kenney v. Killian, D.C., 133 F.Supp. 571, aff'd, 232 F.2d 288 (6th Cir. 1956), cert. denied, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956).

Title 42 U.S.C. § 1983 was not intended to incorporate every violation of a state right nor to provide preemption of such rights in a federal remedy.

It is clear, therefore, that the claim for alleged false imprisonment for the pre-arraignment period is not such a claim as is contemplated under the federal statute. No facts are stated sufficient to present a federal claim on which relief may be granted.

There are no genuine issues as to any material facts. Therefore, the entire action must be dismissed and summary judgment awarded to defendant.

Settle order on notice.