Paul George JACKSON, Jr., Plaintiff,

v.

Willie MARTIN, Jr., individually and as police officer of the City of Ruleville, Mississippi, Defendant.

No. GC6634.

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 19, 1966.

## OPINION OF THE COURT

CLAYTON, Chief Judge.

Plaintiff's complaint seeks a judgment for money damages against defendant and is bottomed on Title 42, United States Code, § 1983. Defendant's motion to dismiss the complaint is before the court on briefs of the parties and other materials furnished. The principal ground of the motion is that the complaint fails to state a claim upon which relief can be granted. The thrust of defendant's argument is that the complaint contains mere unsupported conclusory allegations and does not contain a highly specific statement of facts, alleging denial under color of state law of federal rights, privileges, and immunities, with the purpose of discriminating against a particular person or persons or a particular class of persons. To deal with this contention, it is not necessary to go beyond the cases decided in this circuit. See Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958); Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961) and Hughes v. Noble, 295 F.2d 495 (5th Cir. 1961).

In *Jackson,* a complaint which alleged that defendants, acting in their official capacity as police officers and under color of law, brutally assaulted plaintiff without provocation, was held to state a cause of action under § 1983.[1] In *Brazier,* it was held that plaintiff had a federally enforceable claim for damages for the wrongful death of her husband resulting from beatings inflicted by county and municipal law enforcement officers after an illegal arrest. *Hughes* held that allegations that the plaintiff was jailed "without any just cause or provocation" for thirteen hours, was not allowed to call anyone to attend to his injuries, which were diagnosed as two dislocated and one fractured cervical vertebra, stated a cause of action for deprivation of civil rights within the meaning of § 1983.

The complaint here in substance alleges that defendant was a municipal policeman charged with the duty of enforcing the laws of the state and the ordi-

Carsie A. Hall, Jack H. Young, R. Jess Brown, Richard E. Tuttle, John H. Doyle, III, Jackson, Miss., for plaintiff.

James E. Welch and Townsend, Welch & Terney, Drew, Miss., for defendant.

---

1. See also Sherrod v. Pink Hat Cafe, 250 F.Supp. 516 (N.D.Miss.1965).

nances of the City of Ruleville and that while plaintiff was standing on a sidewalk in front of a public cafe in said municipality, the defendant "in his capacity as a police officer, * * * while wearing the uniform of said police department, without provocation or without any legal cause, did then and there maliciously assault and batter plaintiff by shooting him in the stomach with his police revolver, causing plaintiff to be seriously wounded. Defendant then immediately departed * * * without attempting to render any aid whatever to plaintiff." These allegations, under the criteria established in this circuit by the cited cases, sufficiently state a cause of action under § 1983. But, see also, Hardwick v. Hurley, 289 F.2d 529 (7th Cir. 1961); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) and Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). The cases cited by defendant are all distinguished on their facts and are inapposite here.

■ Defendant's motion also assigns as one of its grounds for dismissal that the complaint fails to allege defendant's place of residence or domicile, that it fails to allege any diversity of citizenship, and thus fails to confer jurisdiction on this court. Since the filing of defendant's motion to dismiss, however, plaintiff filed an amended complaint which has cured this omission by alleging that defendant is a resident of Sunflower County in the State of Mississippi. Rule 15, Federal Rules of Civil Procedure. And, diversity of citizenship is not necessary in a case bottomed on § 1983. Title 28 U.S.C. § 1343.

■ Also assigned is the fact that the defendant is identified in the summons as being employed by the Police Department of Greenville, Mississippi, while the complaint refers to him as being employed by the Police Department of Ruleville, Mississippi. This is not argued in defendant's brief, and thus would be treated as abandoned except for the fact that plaintiff, in his brief, has moved to amend. Rule 4(h), Federal Rules of Civil Procedure. In this area, both parties are shadowboxing. It is not neces-

sary for any action to be taken by this court on this point, as there is no requirement that a summons identify the employer of the person upon whom it is to be served. Rule 4(b), Federal Rules of Civil Procedure. Any such identification, erroneous or correct, is surplusage and thus is of no consequence.

The only other ground for defendant's motion which is seriously urged is, in effect, a plea in bar. Defendant claims that he shot plaintiff in the abdomen, after lawfully arresting him, while plaintiff was resisting defendant's attempt to take him into custody, and that thereafter the plaintiff subsequently pled guilty to the criminal act for which he was arrested, and that, therefore, his claim for damages here is barred. Defendant did, as it appears, enter a plea of guilty to a charge of disturbing the peace in the Circuit Court of Sunflower County, and was sentenced to pay a fine and costs. This is taken as a case growing out of the incidents upon which this suit is based. Defendant cites Bradford v. Lefkowitz, 240 F.Supp. 969 (D.C.N.Y.1965) as authority for his position on this point, but his reliance on that case is misplaced.

*Bradford* was an action under § 1983 for damages for *false imprisonment*, brought against the Attorney General of New York, who had prosecuted plaintiff for violations of law relating to securities. Plaintiff had pled guilty to several counts charging violations of law, was sentenced to jail, and had served his sentence. The only point of concern in that case is that in an action for false imprisonment, a lawful conviction is a complete bar to an action predicated upon the sentence and imprisonment imposed as a result of such a conviction.

■ Also, unless the facts upon which a criminal conviction is based or upon which a plea of guilty is made are such as would permit the principles of collateral estoppel to apply in a civil damage action, such conviction or plea alone cannot defeat the civil action. Basista v. Weir, supra. Thus, even if it is accepted as true that plaintiff in fact was disturbing the peace, this would not authorize

defendant to shoot him. It requires the citation of no authority to say that only in certain aggravated circumstances may a law enforcement officer shoot a person whom the officer is attempting to arrest or whom the officer has in his custody.

The motion is not well taken and it will be denied and overruled.

An order will be entered in accordance with the foregoing.