STATE ex rel. HENNING, Respondent, v. JAMESON,
Warden, Appellant
STATE ex rel HENNING, Appellant, v. JAMESON,
Warden, Respondent

(22 N. W.2d 731)

(Files Nos. 8826 and 8837.  Opinion filed May 6, 1946.)

**John R. McDowell,** State's Atty., of Sioux Falls, **Newton J. Jones,** State's Atty., of Britton, **George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Jameson.

**T. R. Johnson** and **George J. Danforth,** both of Sioux Falls, for Henning.

SICKEL, J.. An information was filed in the circuit court of Marshall County charging Carl Henning with the crime of incest. After arraignment on this charge, another information was filed charging him with rape, on the same state of facts. He pleaded guilty to both charges. He was sentenced to ten years on the incest charge and twenty years on the rape charge, the sentences to run consecutively. After serving part of the sentence Henning applied for his discharge on habeas corpus. Judgment was entered in the circuit court discharging the defendant from the custody of the warden of the state penitentiary, but directing that the warden deliver him to the sheriff of Marshall County for further proceedings according to law. Then the State appealed from the orders discharging Henning, and Henning

appealed from that part of the orders directing that he be delivered to the custody of the sheriff of Marshall County.

The State claims that the circuit court erred in finding that Henning was not sufficiently advised of his constitutional rights at the time of the arraignment, on either charge.

It appears from the transcript of the arraignment proceedings that Henning was not represented by counsel at the arraignment in either case; that at the arraignments and before entering a plea, the court each time asked the defendant if he had a lawyer, and that each time defendant answered "I don't need any." No advice or information was given defendant by the court as to the rights of a person brought before the court for arraignment and plea of guilty on a charge of felony.

█ Before permitting the entry of such a plea, it is the duty of the court to fully advise the defendant of his rights. These rights are stated in the Constitution of the United States, Sixth Amendment, as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the Assistance of Counsel for his defence."

█ The Constitution of South Dakota, Art. VI, § 7, states the same rights, adding that the defendant shall have a copy of the information. The personal rights enumerated in these constitutional provisions are fundamental in character, and the failure of the court to protect them in a criminal prosecution is a denial of due process of law. U. S. Const. Fourteenth Amendment, § 1; S. D. Const. Art. VI § 2; Powell v. State of Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527.

█ All the rights so enumerated may be waived by a plea of guilty. 22 C. J. S., Criminal Law, § 424. Whenever

such a plea is entered by a defendant charged with felony, on the advice of his counsel, such a waiver takes place. In that case it is presumed that defendant was informed of his rights by his counsel before the plea was entered, and the advice of the court as to constitutional rights is not necessary. There is, however, no presumption that a defendant charged with felony, not represented by counsel, and not schooled in the law, understands these fundamental rights, and consequently there is no presumption that he has waived them by entering a plea of guilty. On the contrary, the courts indulge every reasonable presumption against such waiver. Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357; Rice v. Olson, 324 U. S. 786, 65 S. Ct. 989, 89. L. Ed. 1367.

■ In this case the transcript of the court proceedings shows that Henning was not represented by counsel; that the court did not advise him of the right to be confronted with the witnesses against him, to compulsory process for the witnesses on his behalf, to a speedy public trial by an impartial jury of the county, and the evidence shows that Henning did not sufficiently understand these rights at the time the pleas were entered. The record therefore shows that the circuit court was without jurisdiction to enter the plea of guilty in either case. Johnson v. Zerbst, supra; Annotation 146 A. L. R. 387; Bowen v. Johnson, 306 U. S. 19, 59 S.Ct. 442, 83 L. Ed. 455; State v. Haas, 69 S. D., 204 8 N. W.2d 569.

In the case of State v. Sewell, 69 S. D., 494 12 N. W.2d 198, this court held that SDC 34.2302 required the court to advise the defendant of his legal, as well as constitutional rights, before accepting a plea of guilty, but that case was before this court on appeal. This is a habeas corpus case, an involves the question of jurisdiction only.

■ Henning claims that the circuit court should have released him from custody, and that the court erred in ordering the warden to deliver him to the sheriff of Marshall county for further proceedings. The decree of the court states that Henning was being unlawfully detained by the warden on the judgments of conviction and sentence, and that those

judgments are void. Since the warden had no other authority to hold Henning in custody, this was equivalent to his discharge from the custody of the warden. Henning was released by the warden and he was then taken into custody by the sheriff of Marshall county on a bench warrant. The sheriff is not a party to this proceeding and, therefore, the circuit court was without jurisdiction to determine whether Henning was unlawfully detained by him.

The judgment of the circuit court is affirmed in both cases.

No costs taxed.

ROBERTS, J., and WARREN, Circuit Judge, concur.
RUDOLPH, P.J., and SMITH, J., concur specially.
WARREN, Circuit Judge, sitting for POLLEY, J.

RUDOLPH, Presiding Judge (concurring).

As established by the case of Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357, the burden of proof rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right to the assistance of counsel.

The trial court found that the petitioner at the time of entering his pleas of guilty to the felonies with which he was charged was not advised by the court of his right to counsel, and other constitutional rights. The trial court further found:

"That said petitioner was born and reared in a foreign country and has had no previous experience with court procedure. That petitioner in said proceedings on said felony charges did not competently and intelligently waive his constitutional rights and that because of his lack of experience and the Court's failure to avdise him of such rights, he was unable to protect his rights or to exercise his constitutional privileges. That petitioner did not have a lawyer to represent and defend him."

This finding finds ample support in the evidence, and it follows, in my opinion, that petitioner has met the burden

placed upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel.

SMITH, J., concurs in the above.