# APPLICATION OF DUTRO

## (156 N.W.2d 771)

(File No. 10476.  Opinion filed February 16, 1968)

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

HOMEYER, Judge.

Relator Frank Dutro appeals from a judgment of the Circuit Court of Minnehaha County denying his application for a writ of habeas corpus.

The record shows appellant was arrested and taken into custody by the sheriff of Yankton County and placed in the county jail on Saturday, September 4, 1965. On September 8th the sheriff filed a complaint in the municipal court charging appellant with having committed the crime of burglary in the third degree on September 4, 1965. A warrant of arrest was issued and returned on September 9th. The record shows that on the same day appellant appeared before the Municipal Judge, the complaint was read to him, he was informed of his constitutional rights, he waived preliminary hearing, was bound over to the next term of circuit court, and bail was fixed at $1,000.

An information was filed in circuit court on September 11th and on September 13th appellant appeared before the circuit court and was told that the information charging him with third degree burglary had been filed. He was asked if he had counsel and he said he was unable to hire counsel. He indicated a preference and the court appointed the counsel he requested.

On September 20th appellant was arraigned in circuit court and with his court appointed counsel present, the information was read in open court and copies furnished to appellant and his counsel. The court asked counsel if they were ready for a plea and he answered in the affirmative. The court then asked: "Q. Frank Dutro to this information that has just been read in your hearing what do you say, 'guilty or not guilty?' " Mr. Dutro: "Guilty". Statements were then made by the State's Attorney and by appellant's counsel and appellant was asked if he wished to say anything in his behalf and he responded in the negative. Appellant was then sentenced to a term of five years in the State Penitentiary. There has been no appeal from the judgment and sentence.

Appellant contends his constitutional rights, both federal and state, were denied him (1) because of the unreasonable delay between his incarceration and court appearance, and (2) the sentencing court did not advise him of his constitutional rights before he entered his plea of guilty.

■ SDC 1960 Supp. 34.1619 provides: "The defendant must, in all cases, be taken before the magistrate without unnecessary delay." The record discloses a delay of five days between appellant's arrest and his appearance before a magistrate and respondent attempts to excuse it because this was the Labor Day weekend.[1] There is no logic in this excuse. However, even conceding an inexcusable delay, this was not a ground for the relief sought by appellant.

■■ Illegal detention is a nonconstitutional and nonjurisdictional defect, and an irregularity in criminal proceedings, which is ordinarily waived by a voluntary plea of guilty. United States v. Morin, D.C., 163 F.Supp. 941, 944, aff'd 265 F.2d 241, 3 Cir.; Bradford v. Lefkowitz, D.C., 240 F.Supp. 969. See Brown v. Allen, 344 U.S. 443, 476, 73 S.Ct. 397, 417, 97 L.Ed. 469; Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522. In Brown the court said: "If the delay in the arraign-

---

1. Labor Day was on September 6, 1965.

ment of petitioner was greater than that which might be tolerated in a federal criminal proceeding, due process was not violated." The rule is stated in 22 C.J.S. Criminal Law § 423(2), p. 1180:

> "The mere fact that accused was illegally detained without being taken before a committing authority with reasonable promptness does not render his plea of guilty involuntary or invalid or deprive the court of jurisdiction to accept his plea."

Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed. 2d 1479; McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Fikes v. State of Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246, are cited and relied upon by appellant. Each of those cases involved convictions obtained after trial. Confessions were secured following extended illegal detention and prolonged interrogation by law enforcement officials and used in procuring convictions. No such situation is now before us for consideration.

■ With reference to appellant's second contention, statutes in this state permit a defendant charged with a crime and held to answer who desires to plead guilty to be promptly arraigned so that he may enter his plea of guilty. SDC 1960 Supp. 34.2301, 34.2302.[2] In a recent case, State ex rel. Pekarek v. Erickson, 83 S.D. 79, 155 N.W.2d 313, the identical question here raised by appellant was considered and passed upon in a habeas corpus proceeding. The court disposed of the appeal by holding failure to follow the procedures set forth in the statute constituted an irregularity which did not void the judgment and could not be raised by habeas corpus. The court said: "We are here con-

---

2. SDC 1960 Supp. 34.2302: "Upon the arraignment of such person and before permitting an entry of the plea of guilty, it shall be the duty of the judge before whom the accused may be brought to fully advise such person of his rights in the premises, and if it appears to the satisfaction of such judge that the accused has been regularly held to answer upon the offense charged and is acting of his own free will and accord in the matter, such judge shall thereupon receive such plea of guilty of the offense charged in the information. Upon such plea being received, said judge shall immediately sentence the accused, and such sentence shall have the same force and effect as if regularly entered at a regular term of the court in which the information is filed. The only entry of a plea of guilty necessary in such cases shall be that contained in the sentence of the court."

cerned only with the question whether applicant is restrained of his liberty by judgment of the court acting without jurisdiction or whether any of appellant's constitutional rights have been violated."

In State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731, a failure of the court to advise the defendant of his constitutional rights before the entry of a plea of guilty where he appeared without counsel was held in a habeas corpus proceeding to deprive the court of jurisdiction to accept a plea of guilty. However, the case makes it abundantly clear such rights may be waived by a plea of guilty by one who appears with counsel. In Henning, we said: "Whenever such a plea is entered by a defendant charged with felony, on the advice of his counsel, such a waiver takes place. In that case it is presumed that defendant was informed of his rights by his counsel before the plea was entered, and the advice of the court as to constitutional rights is not necessary." See also State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712.

■■■ The record before us reveals nothing from which we can infer that appellant was denied his constitutional rights. He freely and voluntarily in the presence of competent counsel admitted his guilt. This he was privileged to do. State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441. There is no showing whatsoever that the plea of guilty was induced by fear, misrepresentation, trickery, deception, duress or coercion. If it was established that a plea was so induced, it would be void as a violation of due process and would undermine the jurisdiction of the court and be open to collateral attack. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579, reversing 246 F.2d 571, 5 Cir., 21 Am.Jur.2d Criminal Law, § 485, 22 C.J.S. Criminal Law § 423(2); State ex rel. Baker v. Jameson, supra. This is not such a case.

All the Judges concur.

Affirmed.