STATE, Respondent v. KIGGINS, Appellant

(200 N.W.2d 243)

(File No. 11044.  Opinion filed August 30, 1972)

**William D. Kenyon,** Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **Frances M. Niemoller,** Asst. Atty. Gen., Pierre, **Sam D. Sechser,** Deputy State's Atty., Sioux Falls, for plaintiff and respondent.

HANSON, Presiding Judge.

Defendant, Gilbert Kiggins, was found guilty of the crime of escaping from a county jail. He now contends the evidence is insufficient to sustain his conviction under SDCL 24-12-2 which defines the crime charged as follows:

"Every prisoner confined in any prison other than the state penitentiary, or in the custody of any officer or person as a prisoner at any place, who escapes therefrom is punishable by imprisonment in the state penitentiary not exceeding two years or in a county jail not exceeding one year. If such prisoner is under sentence of imprisonment at the time of such escape, his sentence on conviction of such escape shall commence at the expiration of the original term of his imprisonment."

The evidence is not in dispute. On March 29, 1971 Kiggins was sentenced to serve a term of three months in the Minnehaha County jail. With the approval of the committing judge Kiggins

was granted work-release privileges in order to continue working for Lester's Auto Salvage in the City of Sioux Falls. Under this program defendant was released from jail about 7:00 o'clock each morning with instructions to return at 4:15 in the afternoon. When released from jail he was free from official physical restraint. He was responsible for getting to and from his place of employment and was never accompanied by a guard or jailer. His employer had no responsibility for his actions or conduct.

From March 30, 1971 to April 14, 1971 Kiggins honored his work-release privilege and daily returned to the county jail at the appointed time. On April 14, 1971 he was routinely released from jail in the morning but failed to return in the afternoon. Several months later he was apprehended in Wisconsin and returned to this state.

Defendant contends that when he was released from the Minnehaha County jail to work for a private employer he was not confined in any prison nor was he in custody of any officer or person as a prisoner. Consequently, the evidence is insufficient to sustain his conviction of the crime of escape as defined in SDCL 24-12-2.

The use of force is not an element of the crime of escape. See Annot., "Escape or prison breach as affected by the means employed", 96 A.L.R.2d part II, p. 522. As the majority opinion concluded in People v. Richards, 247 Mich. 608, 226 N.W. 651, "In order to be guilty of an escape, a prisoner need not break doors or walls; he escapes, if he removes himself from the imposed restraint over his person and volition." Also see Meadows v. State, 3 Md.App. 441, 239 A.2d 767. Nor is a specific intent to escape an essential ingredient. A general intent not to return to the place of confinement is all that is required, People v. Haskins, 177 Cal.App.2d 84, 2 Cal.Rptr. 34. However, "It is essential to conviction for escape, and the offense of escape presupposes, that at the time of the prisoner's departure he is in actual lawful custody which may be legally terminated only on his death or discharged by due process of law." 30A C.J.S. Escape § 5a, p. 878. See also State v. Snofly, 86 S.D. 121, 192 N.W.2d 133.

Defendant was lawfully confined in the Minnehaha County jail. The privilege of work-release merely extended the limits of his confinement. Until his discharge by due process of law he remained under the legal restraint of his sentence and in constructive custody of the jail. His wilful abscondment from restraint and custody constituted an escape. McCullough v. United States, 8 Cir., 369 F.2d 548; Gaskill v. State of Delaware, 1 Storey 107, 51 Del. 107, 138 A.2d 500; State ex rel. Johnson v. Warden of Maryland Penitentiary, 196 Md. 672, 75 A.2d 843; and People v. Haskins, supra.

Affirmed.

All the Judges concur.