**Albert LACEY, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Feb. 6, 1974.

Certiorari Denied by Supreme Court
March 18, 1974.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Jesse C. Mason, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Albert Lacey, was convicted of escape, for which he was sentenced to one to three years in the penitentiary. He first challenges the weight and sufficiency of the evidence, contending particularly that, as a matter of law, he committed no escape because he did not leave the confines of the penitentiary without permission. He says he overstayed his lawful leave but that this does not make out the crime of escape as defined by T.C.A. § 39–3802.

After serving a number of months at the Fort Pillow State Farm on two concurrent five- to ten-year sentences for robbery, the defendant was transferred to the Memphis Work Release Center, a part of the Department of Corrections. He began the work release program on December 12, 1972. Under that program he worked in a Memphis factory during the day and returned to the center at 6:00 P.M.

On Christmas Day the defendant received a pass that entitled him to be free from 8:00 A.M. until 8:00 P.M. He did not return until he was apprehended in a stolen automobile February 9, 1973.

The defendant testified that he fell asleep Christmas Day and did not wake until 3:00 or 4:00 A.M.; that he had no intention of not returning and he tried to telephone his supervisor several times without success and that he was then afraid to return.

The statute under which the defendant was convicted, T.C.A. § 39–3802, then provided that: "If any inmate serving a term under the direct or indirect custody and supervision of the department of correction, or other state division or agency, shall escape or attempt to escape, he shall be indicted for an escape, . . . ."

The defendant says that because he did not leave the confines of the peniten-tiary without permission, he did not commit the crime of escape. In support of his position, he shows that the 1973 General Assembly amended the statute by adding that the crime is committed if the inmate escapes "on furlough granted pursuant to sec. 41–356." He argues that the Legislature realized that prior to this amendment it was no offense to fail to return from furlough; otherwise it would not have amended the statute. The state urges that the defendant on furlough was under the indirect custody and supervision of the Department of Correction and he escaped from its custody and supervision by failing to return to the center.

In considering the legislative intent, we find T.C.A. § 41–1248, enacted in 1967, providing: "In the event a prisoner placed under the work release program does not return to the workhouse at the time specified . . . , such failure to return shall constitute prima facie evidence of intent to escape and he shall thereby be subject to such penalties . . . imposed under the general law . . . for persons charged with the crime of escape." To the same effect is T.C.A. § 41–1814.

The same contention was made in State v. Furlong, R.I., 291 A.2d 267 (1972). There the defendant on a work release program said that the escape statute did not apply to him because it was later amended to include those who do not return from the work release program. The court held that "custody" used in the statute is sufficiently broad to include an unguarded and unsupervised prisoner at large under the work release program. It said that the Legislature by amendment merely clarified the law and did not change it.

In State v. Kiggins, 86 S.D. 612, 200 N. W.2d 243 (1972), the Supreme Court of South Dakota held that the work release program merely extended the limits of the defendant's confinement, and until his discharge he remained in the constructive custody of the jail. His failure to return from one of such routine releases constituted the offense of jail escape.

We hold that this offense was covered by the statute in effect at the time and that the Legislature by its 1973 amendment clarified the law rather than changed it. The evidence clearly shows that the defendant committed the crime of escape. These assignments are overruled.

The defendant says the court erred in refusing to declare a mistrial when evidence was admitted showing the defendant was indicted for two cases of robbery by means of a deadly weapon but pleaded guilty to robbery in each case with five- to ten-year sentences. The trial judge carefully instructed the jury not to be influenced by the nature of the convictions and to consider only the offense of escape. In the instructions he charged the jury again to this effect.

 Evidence material to the issue under investigation is never rendered incompetent because it shows the defendant has committed other crimes. It is competent or incompetent according to whether or not it is relevant to the issue on trial and has probative value. Graybeal v. State, 3 Tenn.Cr.App. 466, 463 S.W.2d 159. It is material to the crime of escape to show that the defendant was in the custody of the penal system and, therefore, it is admissible to show his previous conviction which resulted in his confinement. If it was error to show the indictment to which the defendant pleaded guilty to a lesser included offense, this was rendered harmless by the court's prompt admonition and instructions to the jury.

The defendant also says it was error to permit testimony that he was riding in a stolen automobile when apprehended and he and the driver were charged with its theft. The court promptly instructed the jury not to consider this charge in deciding if the defendant was guilty of escape. In the charge the court again gave clarifying instructions.

The defendant gave a false name at the time of his apprehension. On the question of his intent to return, this and the fact that he was in a stolen automobile were material to show that he did not intend to return to the center. This assignment is without merit.

We find no abuse of discretion in the court limiting the defendant's argument about his loss of good time, honor time and opportunity of parole because of his escape.

All assignments are overruled and the judgment is affirmed.

MITCHELL and RUSSELL, JJ., concur.