**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Ricky Ray GRAYCEK, Defendant and Respondent.**

No. 12557.

Supreme Court of South Dakota.

April 26, 1979.

Gene Paul Kean, Minnehaha County State's Atty., Sioux Falls, for plaintiff and appellant.

John N. Gridley, III, of Gridley, Nasser & Arneson, Sioux Falls, for defendant and respondent.

WOLLMAN, Chief Justice.

Graycek, an inmate of the South Dakota Penitentiary, was allowed to leave the physical confines of the Penitentiary under a work-release program established by the South Dakota Board of Charities and Corrections pursuant to SDCL 24–8. While participating in this work-release program, Graycek was in the custody of his grandparents in Grant County. Graycek was subsequently indicted by a Minnehaha County grand jury on a charge of escape, the indictment stating in part that Graycek had escaped "from the custody of his grandparents at Summit, Grant County . . ." The trial court granted Graycek's motion for dismissal based upon an allegation of improper venue, and the state has appealed. We affirm.

Although SDCL 23–9–23 provides that "[t]he jurisdiction for an escape from prison is in any county of the state," Article VI, Section 7, of the South Dakota Constitution provides:

> In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

The state contends that pursuant to SDCL 24–8–1,* the constructive confinement of the State Penitentiary was extended to Grant County, citing our decision in *State v. Kiggins,* 86 S.D. 612, 200 N.W.2d 243. Although it is true that the *Kiggins* case spoke in terms of constructive confinement, no constitutional issue of venue was involved therein. It would stretch the concept of constructive confinement beyond constitutional limits to adopt the interpretation urged by the state, however adminis-

tratively convenient such a holding might be for those responsible for administering the work-release program, and therefore we conclude that in accordance with this court's holding in *In re Nelson,* 19 S.D. 214, 102 N.W. 885, the proper venue for Graycek's trial is in Grant County.

The order dismissing the indictment is affirmed.

MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

DUNN, J., dissents.

HENDERSON, Justice (concurring specially).

This is an appeal by the State of South Dakota from an order entered in circuit court, Minnehaha County, on July 24, 1978, granting Graycek's motion to dismiss for improper venue.

Graycek was indicted by a Minnehaha County grand jury as follows:

> That on or about February 14, 1978, in the County of Minnehaha, State of South Dakota, RICKY RAY GRAYCEK did commit the public offense of escape in that RICKY RAY GRAYCEK did willfully, unlawfully and feloniously *escape from the custody of his grandparents at Summit, Grant County,* South Dakota, where he was placed for employment under a work release program; said Defendant was an inmate of the South Dakota State Penitentiary and conditionally released to work at paid employment, in violation of SDCL 24–8–3 and SDCL 24–8–6, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of South Dakota and prays that the said Defendant may be arrested and dealt with according to law. (emphasis supplied)

The state is contending that he should be tried for escape in Minnehaha County and

---

\* SDCL 24–8–1 provides in pertinent part:

> Notwithstanding any other statutory provisions, the board of charities and corrections, hereinafter referred to as the "board," may

conditionally release selected inmates and may extend the limits of the place of confinement of such inmates of the state penitentiary . . . . . .

Graycek is asserting that the case should properly be venued in Grant County.

SDCL 23–9–23 [1] provides: "The jurisdiction for an escape from prison is in any county of the state."

It is obvious, therefore, that any county in South Dakota has jurisdiction to try a case of an escape from the State Penitentiary.

Furthermore, it strikes me that although the State Legislature in SDCL 24–8–1 has extended the limits of the place of confinement of inmates in the State Penitentiary, that it does not, ipso facto or by judicial interpretation, necessarily follow that a trial for an escape under a work-release program in the State of South Dakota must be venued in the situs of the State Penitentiary, namely Minnehaha County.

It is obvious that there can be an escape from prison other than at the State Penitentiary. See SDCL 24–12–2.[2] It provides in part:

Every prisoner confined in any prison other than the state penitentiary, or *in the custody of any officer or person as a prisoner at any place,* who escapes therefrom is punishable by imprisonment in the state penitentiary not exceeding two years or in a county jail not exceeding one year. (emphasis supplied)

Graycek was in the custody of a person, other than an officer, exactly as this statute contemplates, and at another place, other than the penitentiary, namely Grant County with his grandparents.

Under SDCL 23–25–1,[3] it is provided, in part:

The term "prisoner" includes every person in custody under process of law, issued from a court of competent jurisdiction, whether civil or criminal, or under any lawful arrest, *whether such person is*

*at the time actually in any prison, or jail, or not.* (emphasis supplied)

I do not believe that the State Legislature can extend its will over that of our State Constitution. Article VI, Section 7, of the South Dakota Constitution provides in part:

In all criminal prosecutions the accused shall have the right . . . to a speedy public trial by an impartial jury of the county or district *in which the offense is alleged to have been committed.* (emphasis supplied)

This constitutional provision was discussed at length in the case of *In re Nelson,* 19 S.D. 214, 102 N.W. 885. Founded in legal ancientry, our Supreme Court expressed:

Sir William Blackstone says: 'When, therefore, a prisoner on his arraignment has pleaded not guilty, and for his trial hath put himself upon the country, which country the jury are, the sheriff of the county must return a panel of jurors * * freeholders, without just exception, and of the visne or neighborhood, which is interpreted to be of the county where the *fact* is committed.'[4] 2 Cooley, Blackstone (3rd Ed.) 491. The right thus guarantied is ancient, sacred, and absolute. . . . It can neither be taken away nor abridged by the Legislature. (emphasis supplied) 19 S.D. at 220, 102 N.W. at 887.

South Dakota is attempting to try a man in Minnehaha County, Second Judicial Circuit, for an offense, the *fact* of which occurred in Grant County, Fifth Judicial Circuit. This action appears to me to be contrary to our South Dakota Constitution.

In *State v. Kiggins,* 86 S.D. 612, 200 N.W.2d 243, Kiggins was in the Minnehaha County Jail as a prisoner on work-release in Minnehaha County and when released from jail Kiggins was responsible for getting to and from his place of employment and was

1. SDCL 23–9–23 was repealed by SL 1978, ch. 178, § 577, effective July 1, 1979. It was in effect on February 14, 1978, the date of the alleged escape.

2. SDCL 24–12–2 was repealed by SL 1978, ch. 185, § 19. Likewise, it was in effect at the time of the alleged escape.

3. SDCL 23–25–1 was repealed by SL 1978, ch. 185, § 19. It was also in effect at the time of the alleged escape.

4. Grant County, all concede, is where Graycek was in the custody of his grandparents.

never accompanied by a guard or a jailer. His employer had no responsibility for his actions or conduct. Kiggins daily honored his work-release privileges and returned to the county jail as required of him. However, he failed to return to the jail on one afternoon. He was apprehended in Wisconsin and returned to South Dakota. It is obvious that the venue was in Minnehaha County, under those set of facts. The facts herein are different. This case involves a prisoner of the State Penitentiary in Minnehaha County, on work-release in Grant County, under the direct custody and control of his grandparents in Grant County, and made his escape while in Grant County. There was no venue question existing in *Kiggins,* supra, and the issue there decided was that Kiggins, a county work-release prisoner, was in the constructive custody of the county sheriff and thus could be charged with escape in Minnehaha County. The *Kiggins* case ruled upon the question of *whether* such a person was in custody and not *where* the custody was reposed.

I do not quarrel with the holding in the *Kiggins* case, but Kiggins until his discharge by due process of law, remained under the legal restraint of his sentence and in constructive custody of the jail. It was from the Minnehaha County Jail he escaped and from that constructive custody of said Minnehaha County Jail. It is perfectly logical that he would be tried in Minnehaha County. But such are not the facts before us.

As these prisoners from our state prison are being placed about this state, whether in a county jail or in the custody of other persons, the *Kiggins* case can be interpreted to mean that a prisoner is in the constructive custody of the jail in a county other than Minnehaha County or in the constructive custody of another person other than in Minnehaha County.

When that person escapes, it is the *fact* of his escape from that county which fixes venue by constitutional direction, and not by legislative enactment. It should not be fictionalized that each alleged escape is in Minnehaha County. No where under the work-release programs chapter, namely SDCL 24–8, does it provide or direct that all escapes from work-release, no matter where committed, shall be tried in the county where our state prison is situated, namely Minnehaha County. In fact, SDCL 24–8–6 provides:

The failure of an inmate to report to or return from planned employment, the seeking of employment or vocational training shall be considered as an escape and such inmate shall be tried therefor.

It does not state *where.* It is important to remember that the work-release program merely extends the limits and terms of confinement, and makes no direction for the venue of cases arising where there is an escape thereunder.

Therefore, I would affirm the lower court's decision to grant the motion for dismissal based upon improper venue with the anticipated conclusion that the State of South Dakota would then refile the case in Grant County.

DUNN, Justice (dissenting).

I dissent from the majority opinion. I would conclude that Graycek was in constructive custody of the warden of the South Dakota State Penitentiary during the period of his work-release program and escaped from the state penitentiary when he abandoned his work-release program. Therefore, I would hold that Minnehaha County is the proper setting for venue purposes in his trial for escape.

The majority opinion improperly relies upon *In re Nelson,* 1902, 19 S.D. 214, 102 N.W. 885. In *Nelson,* the court discussed the proper venue of a trial for grand larceny and held that the statute authorizing criminal actions to be tried out of the county in which the offense is alleged to have been committed without the consent of the accused was contrary to the constitutional guarantee of a speedy trial by an impartial jury of the county in which the offense is alleged to have been committed. South Dakota Constitution, Article VI, § 7. The *Nelson* court did not address the question now before us, but the majority opinion

relies on it nonetheless. The majority opinion summarily dismisses our decision in *State v. Kiggins,* 1972, 86 S.D. 612, 200 N.W.2d 243, in which the defendant walked away from a work-release program that allowed him to leave the Minnehaha County jail for daily employment within the City of Sioux Falls. We concluded as follows:

"Defendant was lawfully confined in the Minnehaha County jail. The privilege of work-release merely extended the limits of his confinement. Until his discharge by due process of law he remained under the legal restraint of his sentence and in constructive custody of the jail. * * * " 86 S.D. at 615, 200 N.W.2d at 244.

Thus this court has specifically recognized the doctrine of constructive custody while on a work-release program.

This case does not involve a constitutional issue. The only question is whether defendant escaped from the state penitentiary or from his grandparents' custody in Grant County for purposes of determining venue. Once that is determined, the constitutional question answers itself.

Graycek was at all times pertinent to this case an inmate of the state penitentiary who was allowed to enter a work-release program under the supervision of his grandparents in Grant County as authorized by SDCL 24–8. SDCL 24–8–6 defines the failure of an inmate to report to or return from planned employment in the work-release program as an escape. The majority opinion implies that since Graycek escaped from the custody of his grandparents in Grant County venue lies in Grant County. Graycek, however, did not escape from his grandparents. He could only escape from the state penitentiary where he was legally confined pursuant to a judgment and sentence of a court of competent jurisdiction. SDCL 23–25–1.[1] Graycek was *not* in Grant County because his sentence was suspended by the court on condition that he serve his time in Grant County. He was in Grant County pursuant to statute which provides that selected inmates at the state penitentiary may be conditionally released for work-release programs and also specifically provides that the limits of the place of confinement are extended under such circumstances. SDCL 24–8–1. This clearly indicates that inmates on work-release programs are still under the confinement of the state penitentiary in Minnehaha County. Therefore, Graycek could only escape from the state penitentiary in which he was legally confined pursuant to a judgment of a court of competent jurisdiction. The place of confinement for venue purposes or for any other purpose does not change from Minnehaha County simply because a penitentiary inmate participates in a work-release program.

The conclusion is inescapable that since he was not discharged by a court of competent jurisdiction with due process of law Graycek remained under the legal restraint of his original sentence and in constructive custody of the state penitentiary in Minnehaha County. The dismal result reached by the majority opinion would undermine the entire work-release program because, under the opinion's logic, Graycek could next request a dismissal in Grant County on the grounds that he was not in custody in Grant County pursuant to an order of a court of competent jurisdiction, and he would be correct. Defendant is not a prisoner according to the definition set out in SDCL 23–25–1 [2] unless he is a prisoner of the state penitentiary. If he is not a prisoner of the penitentiary, as this opinion would indicate, then he is not a prisoner any place. If you are not a prisoner, you can hardly be subject to the escape statute.

I would reverse the order dismissing the indictment and remand the case for a continuation of the proceedings.

---

1. SDCL 23–25 was in effect at the time of defendant's escape.

2. See note 1.