**Charles LaMarr CROAN, Petitioner and Appellant,**

v.

**STATE of South Dakota, Appellee.**

No. 12994.

Supreme Court of South Dakota.

Argued May 22, 1980.

Decided Aug. 13, 1980.

Thomas M. Frankman of Willy, Pruitt, Matthews, Hurd, Farrell, Frankman & Johnson, Sioux Falls, for petitioner and appellant.

Gene Paul Kean, Sp. Minnehaha County Deputy State's Atty., Sioux Falls, for appellee.

FOSHEIM, Justice.

In this appeal we reverse an order denying post-conviction relief.

Appellant pleaded guilty on January 4, 1979, to a charge of escape in violation of SDCL 24–12–1. He was sentenced to six months in the state penitentiary to run consecutively with his prior concurrent sentences for burglary and grand larceny. Appellant was represented by counsel throughout the proceedings.

At the time of the escape appellant was serving his original sentence on a work detail at the Human Services Center at Yankton, South Dakota, but was arraigned on the escape charge in Minnehaha County. The information is not part of the record; however, the transcript of the arraignment proceeding discloses the court advised appellant as follows:

The actual wording of the Information, of course, is as contained there in your copy. Some of the important parts of it would ·be it's alleged that on the 24th day of August, 1978, in this county, that you did, while confined in the State Penitentiary of South Dakota, in this county, for a term less than life, for having committed the crimes of Count I, Burglary in the Third Degree, and Count III, Grand Larceny, that it's alleged that you escaped from the penitentiary while confined at the Human Services Center at Yankton and you escaped from there.

Prior to entering his plea, appellant was advised by the court that he had a right to a speedy, public trial by an impartial jury in Minnehaha County but was never advised by the court that he had a constitutional and statutory right to a speedy public trial by an impartial jury of Yankton County in which the offense was alleged to have been committed pursuant to Article VI, § 7 of the South Dakota Constitution and SDCL 23–2–11 reenacted as SDCL 23A–16–3.

It is settled law in this state that until an accused has been tried by an impartial jury in the county in which the crime is alleged to have been committed, or shall have waived such right by consenting to a change of place of trial, he cannot be lawfully convicted. *In re Nelson,* 19 S.D. 214, 102 N.W. 885 (1902). Because the jurisdiction of the circuit court, however, is not limited to any particular county but extends throughout the state, there is no violation of that mandate if the accused is arraigned and sentenced upon a plea of guilty in another county. *State v. Erickson,* 83 S.D. 79, 155 N.W.2d 313 (1967).

In *State v. Jameson,* 71 S.D. 144, 22 N.W.2d 731 (1946), we held that this constitutional right is fundamental in character concerning which it is the duty of the court to fully advise the defendant, and the failure of the court to protect that constitutional right in a criminal prosecution is a denial of due process of law. In *Jameson,* however, we concluded that when a plea of guilty is entered by a defendant charged with a felony, on the advice of his counsel, a

waiver takes place. We said: "In that case it is presumed that defendant was informed of his rights by his counsel before the plea was entered, and the advice of the court as to constitutional rights is not necessary." 71 S.D. at 147, 22 N.W.2d at 732. See also: *Application of Dutro*, 83 S.D. 168, 156 N.W.2d 771 (1968). That presumption was struck down, however, in *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970), wherein we applied the strictures of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to South Dakota.

■ In *Nachtigall* we said, "it is now settled as a principle of the constitutional law that a plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in *Boykin* —self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea." 85 S.D. at 128, 178 N.W.2d at 201. We concluded that our trial judges can no longer assume that an accused represented by counsel has been informed of the constitutional rights of self-incrimination, confrontation and *jury trial* —and an understanding of the nature and consequences of the plea and that the judge must actively participate by "canvassing the matter with the accused. A silent record is not sufficient." (Emphasis supplied.)

The term "jury trial" expressed in *Nachtigall* can only mean the full constitutional right of a "speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed."

The alleged crime of escape was committed in Yankton County. That was the proper venue. *State v. Graycek*, 278 N.W.2d 184 (S.D.1979). Accordingly, appellant had a right to a trial in Yankton County. *In re Nelson, supra.* Because he was not so advised by the court he did not knowingly, voluntarily and intelligently waive his right to be tried in Yankton County when he entered a plea of guilty to the escape charge. Appellant was thus denied due process of law.

The order denying post-conviction relief is reversed. The sentence for escape is set aside.

WOLLMAN, C. J., and MORGAN and HENDERSON, JJ., concur.

DUNN, J., dissents.

DUNN, Justice (dissenting).

For all the reasons stated in the dissent in *State v. Graycek*, 278 N.W.2d 184 (S.D. 1979), I would affirm the trial court.

The defendant pled guilty and was sentenced for escape from the South Dakota Penitentiary where he was a prisoner pursuant to a judgment and sentence of a court of competent jurisdiction. He was never a prisoner of the Human Services Center as that term is defined in SDCL 23–25–1, or the 1978 definition in SDCL 22–11A–1. He was sent to the Human Services Center by prison authorities for a limited time and for a specific purpose, that is, treatment of alcoholism. He remained a prisoner of the South Dakota Penitentiary. The statutory and constitutional restrictions as to place of trial are irrelevant.