Kenneth J. BLINDERT, Petitioner and Appellant,

v.

STATE of South Dakota, Appellee.

No. 12992.

Supreme Court of South Dakota.

Argued May 22, 1980.

Decided Aug. 13, 1980.

Thomas M. Frankman of Willy, Pruitt, Matthews, Hurd, Farrell, Frankman & Johnson, Sioux Falls, for petitioner and appellant.

Gene Paul Kean, Sp. Minnehaha County Deputy State's Atty., Sioux Falls, for appellee.

FOSHEIM, Justice.

On this appeal we are asked to review an order denying post-conviction relief. We reverse.

On May 31, 1977, without counsel, appellant pleaded guilty to a charge of escape and to a charge of being a habitual criminal. He was sentenced to an indeterminate sentence of five to twenty years in the state penitentiary to run consecutively with his prior sentence for the crime of issuing insufficient fund checks, a felony.

At the time of the escape appellant was serving his original sentence as a patient at the Human Services Center at Yankton, South Dakota, but was arraigned on the escape charge in Minnehaha County. The information is not part of the record; however, the transcript of the arraignment proceeding discloses the court advised appellant as follows:

The State has charged you here with escape; claiming on or about March 16 of 1977, while you were confined in the penitentiary of the State of South Dakota, in Minnehaha County, and specifically while you were at the Human Services Center in Yankton under the Alcohol Treatment Program, that you escaped; that you were confined at that time for a term of years less than life; your confinement being for having committed the crime of issuing insufficient-funds checks, a felony; that you left the premises down at Yankton by stealthily evading the guards; that is what the State claims happened.

Prior to entering his plea, appellant was advised by the court that he had a right to a speedy, public trial by an impartial jury in Minnehaha County but was never advised by the court that he had a constitutional and statutory right to a speedy public trial by an impartial jury of Yankton County in which the offense was alleged to have been committed pursuant to Article VI, § 7 of the South Dakota Constitution and SDCL 23–2–11 reenacted as SDCL 23A–16–3.

Our decision in *Croan v. State*, 295 N.W.2d 728 (S.D.1980), is dispositive. In fact, since the plea of guilty was not entered on the advice of counsel the law, even before *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970), as expressed in *State v. Jameson*, 71 S.D. 144, 22 N.W.2d 731 (1946), and *Application of Dutro*, 83 S.D. 168, 156 N.W.2d 771 (1968), would compel reversal here. In *State v. Jameson* we said:

There is, however, no presumption that a defendant charged with felony, not represented by counsel, and not schooled in the law, understands these fundamental rights, and consequently there is no presumption that he has waived them by entering a plea of guilty. On the contrary, the courts indulge every reasonable presumption against such waiver. 71 S.D. at 147, 22 N.W.2d at 732–3.

The order denying post-conviction relief is reversed. The sentence for escape is set aside.

WOLLMAN, C. J., and MORGAN and HENDERSON, JJ., concur.

DUNN, J., dissents.

DUNN, Justice (dissenting).

For all the reasons stated in the dissent in *State v. Graycek*, 278 N.W.2d 184 (S.D. 1979), and *Croan v. State*, 295 N.W.2d 728 (S.D. 1980), I would affirm the trial court.