IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2003

**WILLIE BAILEY v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3179     Joseph H. Walker, III, Judge**

**No. W2003-00977-CCA-R3-PC  - Filed February 4, 2004**

A Tipton County jury convicted the Petitioner, Willie Bailey, of aggravated robbery and felony possession of a handgun, and the trial court sentenced him to twenty-six years in prison.  On direct appeal, this Court affirmed the Petitioner's sentence, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.  The Petitioner then sought post-conviction relief, alleging that he was denied effective assistance of counsel.  Following a hearing on the post-conviction petition, the trial court dismissed the petition.  On appeal, the Petitioner contends that he was denied effective assistance of counsel for the following reasons: (1) trial counsel failed to stipulate to the Petitioner's felony status during the trial; and (2) trial counsel failed to file the trial transcript with the appellate court on direct appeal.  Finding no error, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the appellant, Willie Bailey.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**Opinion**
**I.  Facts**

The underlying facts of the Petitioner's case are not clear because no trial transcript was filed either on direct appeal or on appeal from the post-conviction hearing.  However, in its order denying post-conviction relief, the post-conviction court summarized the facts of the Petitioner's trial as follows:

The defendant was charged with being a convicted felon in possession of a handgun and aggravated robbery. He was convicted of both counts.

The clerk was called to introduce records of the criminal convictions of defendant. The defendant had a prior conviction of robbery. The Court allowed the testimony about the conviction, but gave the jury an immediate instruction that was to be considered only for count two with regard to possession of a weapon by a convicted felon, and could not be considered for any reason with regard to aggravated robbery, and could not be considered as proof of his disposition to commit the crime of aggravated robbery for which he is on trial in count one.

Kum Sook Kitzmiller testified that she operated a beauty supply business in Covington, and that on November 6, 1996, she was closing the store and had counted the money and put it in her purse, and had left some in the register. Two men came in the store and said they were looking for an earring. They shopped and purchased an earring. The tall man pulled a gun on her. She could describe his appearance and clothes. They forced her to open the register and took the money from the register, and took her purse. The shorter man took the money out of her purse. She called the police. She gave police an accurate description of the robbers and the money taken. She identified the defendant at trial as the taller of the two robbers.

Toinette Smith testified that she saw the defendant at the apartment of Tammy Williams on the day of the robbery. The defendant was wearing the same clothing described by Ms. Kitzmiller. At a time after the robbery, the defendant changed clothing at the apartment. She heard the defendant say that the police were outside, and the defendant went to the back bedroom. She heard the defendant say he had a gun.

Tammy Williams testified that she was Anthony Allen's girlfriend and knows the defendant. Allen is shorter than the defendant. Both Allen and the defendant were at her apartment earlier on the day of the robbery, and Allen had a gun. They left and were gone only a few minutes and then came back to the apartment and changed clothes. The police showed up shortly afterwards. The clothes that Allen and the defendant took off were recovered and same as identified by Ms. Kitzmiller. Williams observed police recover money from her child's toy that was not there before the defendant and Allen hid in the room. Her apartment is very near the business of Ms. Kitzmiller that was robbed.

Linda Gamblin testified that she was present when the defendant was brought into the justice center on the night of the robbery. The defendant was with Mr. Allen, and Tony Moss, who was deceased at the time of the trial. She heard Ms. Kitzmiller state that Tony Moss was not one of the men who robbe[d] her. Ms. Kitzmiller described to her the amount of money and the denomination and number of bills

taken, which corresponded with the money recovered from Ms. Williams' apartment. Ms. Kitzmiller identified the clothing that was recovered from Ms. Williams' apartment as being the same clothing worn by the tall robber with the gun.

Telford Oren testified that he went to the apartment of Ms. Williams shortly after the robbery and found the defendant [lying] on the bed. Mr. Allen was hiding in the closet. The defendant stated that he had just been asleep, but he was sweating and the room was not hot. A pistol was recovered. Someone told police that two men just ran into the apartment.

Scott Johnson testified the he was dispatched to a robbery call, and that within a few minutes had the defendant in custody.

The defendant elected not to testify. The defendant was questioned by the Court whether it was his decision not to testify, and that if he wanted to testify a hearing would be held to determine which, if any, convictions could be used for impeachment purposes. [The defendant] indicated that he did not wish to testify, and that he understood that the case would be submitted to the jury without hearing his testimony.

A Tipton County jury convicted the Petitioner of aggravated robbery and felony possession of a handgun, and the trial court sentenced the Petitioner as a persistent Range III offender to twenty-six years of incarceration for the aggravated robbery conviction and five years of incarceration for the felony possession of a handgun, with the sentences to be served concurrently. This Court affirmed the Petitioner's sentence on direct appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. State v. Willie Bailey, No. W1999-01886-CCA-R3-CD, 2000 WL 73711, at *1 (Tenn. Crim. App., at Jackson, Jan. 25, 2000), *perm. app. denied* (Tenn. Dec. 31, 2001). Thereafter, the Petitioner filed a pro se post-conviction petition, and the post-conviction court appointed J. Barney Witherington, IV, to represent the Petitioner in this matter. Witherington filed an amendment to Petitioner's original petition for post-conviction relief and asserted that the Petitioner should be granted post-conviction relief based upon ineffective assistance of counsel. The post-conviction court conducted a hearing on the amended petition on March 24, 2003, and subsequently dismissed the petition. The Petitioner filed a timely notice of appeal.

The following evidence was presented at the post-conviction hearing. The Petitioner testified that Cyburn H. Sullivan, III, ("Counsel") represented him at his trial. He stated that Counsel only met with him twice before the trial and that the meetings lasted approximately fifteen minutes and occurred about a week before the trial. The Petitioner explained that Counsel did not inform him about any specific trial strategies. He reported that he told Counsel about potential witnesses, but Counsel did not investigate them or call them to the stand. The Petitioner stated that Counsel advised him not to take the stand at trial, and he followed Counsel's advice. He explained that he wanted to testify "because I know I didn't do this . . . ." He stated that he wanted to appeal both his convictions and the sentencing on appeal, but only his sentencing was ultimately appealed. The

Petitioner explained that Counsel did not file the trial transcript with the appellate court because the trial judge told Counsel not to send the transcript.

On cross-examination, the Petitioner testified that he did not actually know any witnesses who would have helped his case at trial. He stated that Counsel should have used some sort of strategy at his trial. The Petitioner explained that Counsel should have prevented the testimony about his previous conviction for robbery from getting to the jury because the jury may have convicted him of aggravated robbery based on that testimony. He stated that Counsel should have asked the State to fingerprint him and the gun so his fingerprints could be compared to those on the gun.

The Petitioner then called Counsel to testify. Counsel testified that he could not recall how many times he met with the Petitioner before trial or how long the meetings lasted. He stated that the Petitioner never gave him any names of potential witnesses to interview. Counsel explained that he visited the crime scene but did not take any measurements. He stated that the only times he questioned the victim were at the preliminary hearing and at trial. Counsel testified that he recalled the testimony about the Petitioner's prior conviction of robbery. When asked if he felt that testimony would be prejudicial to the Petitioner, Counsel replied that he did not have an opinion as to whether the testimony was prejudicial. Counsel admitted that the testimony about the Petitioner's prior conviction was not helpful to the Petitioner's case. He explained that he did not offer to stipulate to the Petitioner's status as a felon because the case law did not require him to do so at that time. Counsel admitted that it was his responsibility to file the trial transcript with the appellate court and that the appellate court might have reduced the Petitioner's sentence if it had reviewed the transcript.

## II. Analysis

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997).[1] The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

---

[1]We note that the 2003 amendment to the Post Conviction Procedure Act, Public Acts 1995, chapter 207, section 1, changed the numbering of the general provisions part of the chapter to Tennessee Code Annotated section 40-30-101, *et seq.*

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

On appeal, the Petitioner contends that the post-conviction court erred when it found that he was not denied effective assistance of counsel based upon two grounds: (1) Counsel failed to stipulate to the Petitioner's felony status at trial for the purpose of the felony possession of a handgun charge; and (2) Counsel failed to file the trial transcript with the appellate court on direct appeal.

## A. Felony Status Stipulation

The Petitioner contends that Counsel's failure to stipulate to Petitioner's felony status during his trial constituted ineffective assistance of counsel. The Petitioner relies upon State v. James, 81 S.W.3d 751 (Tenn. 2002), which states that:

> [W]hen the sole purpose of introducing evidence of a defendant's prior convictions is to prove the status element of the offense, and when the defendant offers to stipulate his status as a felon, the probative value of the evidence is, as a matter of

law, outweighed by the risk of unfair prejudice.

Id. at 762. However, the James court did not hold that a defense attorney is required to stipulate to the defendant's felony status or that a defense attorney's failure to do so renders his assistance ineffective. The Tennessee Supreme Court recognized that "[t]his jurisdiction has long held that the name or nature of crimes other than that for which the defendant is on trial is relevant to establish an essential element of the crime for which the defendant is being tried." Id. at 760 (citing State v. Wingard, 891 S.W.2d 628, 633-34 (Tenn. Crim. App. 1994); State v. Blackmon, 701 S.W.2d 228, 232 (Tenn. Crim. App. 1985); Lacey v. State, 506 S.W.2d 809, 811 (Tenn. Crim. App. 1974)).

In this case, the Petitioner was charged with aggravated robbery and felony possession of a handgun. A person commits the crime of felony possession of a handgun when the person possesses a handgun and: "(A) [h]as been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon; or (B) [h]as been convicted of a felony drug offense." Tenn. Code Ann. § 39-17-1307(b)(1)(A), (B) (1997). Therefore, in order for the State to convict the Petitioner of felony possession of a handgun, it had to prove beyond a reasonable doubt that the Petitioner possessed a handgun and had a previous felony conviction involving "the use or attempted use of force, violence or a deadly weapon" or a previous conviction of a felony drug offense. In the trial court's order, it made the following findings regarding this testimony at trial:

> The clerk was called to introduce records of the criminal convictions of defendant. The defendant had a prior conviction of robbery. The Court allowed the testimony about the conviction, but gave the jury an immediate instruction that was to be considered only for count two with regard to possession of a weapon by a convicted felon, and could not be considered for any reason with regard to aggravated robbery, and could not be considered as proof of his disposition to commit the crime of aggravated robbery for which he is on trial in count one.

From these findings, we cannot determine the nature of the Petitioner's prior convictions, other than his prior conviction for robbery. Apparently, Counsel did not object to the State's introduction of the Petitioner's prior conviction for robbery in order to prove that the Petitioner had a prior conviction involving the use or attempted use of force, violence or a deadly weapon.

After reviewing the limited record before us and the trial court's findings, we conclude that Counsel's decision not to stipulate to the Petitioner's prior felony conviction that would prohibit him from carrying a weapon falls below an objective standard of reasonableness in the legal profession and is not within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936. Under the circumstances of this case, Counsel should have stipulated that, at the time of the alleged offense of felony possession of a handgun, the Petitioner had been convicted of a felony that would prohibit him from carrying a weapon under Tennessee

-6-

Code Annotated section 39-17-1307(b)(1)(A), (B). By so stipulating, Counsel would have prevented the jury from learning that the Petitioner's prior felony conviction was for robbery, the same crime for which he was on trial. We conclude that Counsel's failure to stipulate in this case was inexcusable because the Petitioner was on trial for aggravated robbery, and the Petitioner's prior robbery conviction had the potential to prejudice the Petitioner.

However, even though we conclude that Counsel's failure to stipulate in this case fell below an objective standard of reasonableness in the legal profession , the Petitioner failed to prove that his defense was prejudiced, resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687. As the trial court noted in its findings, the evidence at trial was substantial against the Petitioner, and the trial court immediately gave curative instructions that the Petitioner's prior robbery conviction should only be considered for the count of the indictment concerning felony possession of a handgun. Accordingly, we conclude that the Petitioner is not entitled to post-conviction relief on this issue.

## B.  Trial Transcript

The Petitioner next contends that Counsel's failure to file the trial transcript with the appellate court on direct appeal constituted ineffective assistance of counsel. The appellant in a criminal case has the responsibility to prepare a transcript of "such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issue that are the bases of appeal." Tenn. R. App. P. 24(b). The appellant then must file the transcript with the clerk of the trial court within ninety days after filing the notice of appeal. Id. Because the burden is upon the defendant to demonstrate the impropriety of his or her sentence, see State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995), "failure to include a transcript of the trial makes it impossible for [this Court] to conduct an appropriate de novo consideration of the case or to determine whether the trial court erred relative to its determinations which were based in any part on that evidence." State v. Hayes, 894 S.W.2d 298, 300 (Tenn. Crim. App. 1994).

On direct appeal, the Petitioner presented two issues for review: (1) whether the trial court erred by sentencing the appellant as a persistent offender; and (2) whether the trial court misapplied certain enhancement factors. Bailey, 2000 WL 73711, at *1. In this Court's opinion on Petitioner's direct appeal, we held that, "[n]otwithstanding the absence of the transcript of the trial, the record establishes that the trial court correctly sentenced the appellant as a persistent Range III offender." Id. We further held that:

Although the State concedes that the trial court improperly applied these two enhancement factors, we have no way of determining what an appropriate sentence should be in the absence of such enhancement factors. . . . In summary, in order to fully assess the issues raised by the appellant, this court must consider, among other things, the evidence received at trial and the nature and characteristics of the crime.

> Because the record does not contain a transcript of the trial, we are unable to determine what an appropriate sentence should be. In the absence of a complete record, we decline to disturb the sentencing determinations of the trial court.

Id. Counsel admitted that it was his responsibility to file the trial transcript with the appellate court and that the appellate court might have reduced the Petitioner's sentence if it had reviewed the transcript. We conclude that Counsel's failure to file the trial transcript falls below an objective standard of reasonableness in the legal profession and is not within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936.

Having found that Counsel's failure to file a trial transcript in this case fell below an objective standard of reasonableness in the legal profession, we now turn to the prejudice prong of the ineffective assistance of counsel analysis. The Petitioner contends that "Counsel's failure with regard to the transcript is evident by his own admission and the prejudicial effect is directly apparent in the ruling of this Court in Defendant's original appeal." We disagree with the Petitioner's assertion that the prejudicial effect is "directly apparent in the ruling of this Court" on direct appeal. On direct appeal, we explained, "Because the record does not contain a transcript of the trial, we are unable to determine what an appropriate sentence should be. In the absence of a complete record, we decline to disturb the sentencing determinations of the trial court." Bailey, 2000 WL 73711, at *1. Nothing in our holding suggests that we would have necessarily reached a different result had the trial transcript been included. Moreover, the Petitioner failed to include either the trial transcript or the sentencing hearing transcript on appeal from the post-conviction hearing. Without the trial transcript and the sentencing hearing transcript, we are unable to determine whether the Petitioner's original sentence was erroneous. The Petitioner failed to provide any evidence at the post-conviction hearing that showed by clear and convincing evidence that his defense was prejudiced as a result of Counsel's error, resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687. Accordingly, we conclude that the Petitioner is not entitled to post-conviction relief on this issue.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we conclude that the Petitioner has failed to prove ineffective assistance of counsel by clear and convincing evidence, and the post-conviction court did not err by finding that the Petitioner received effective assistance of counsel and dismissing his petition. Therefore, we AFFIRM the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE